**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RETAILMENOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  18-937-CFC-MPT |
| | ) | |
| HONEY SCIENCE CORP., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### HONEY SCIENCE CORP.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Honey Science Corp. ("Honey") respectfully submits its Answer in response to Plaintiff RetailMeNot, Inc.'s ("Plaintiff" or "RetailMeNot") Original Complaint for Patent Infringement ("Complaint").  To the extent not specifically admitted herein, the allegations of the Complaint are denied, including any allegations contained in the headings of the Complaint.

### RESPONSES TO SPECIFIC ALLEGATIONS OF COMPLAINT

### NATURE OF THE ACTION

1.      Paragraph 1 contains legal conclusions to which no answer is required.  To the extent an answer is required, Honey admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, but Honey denies that there is any legal or factual basis for such action.

2.      Honey admits that RetailMeNot is the named assignee on the face of U.S. Patent No. 9,626,688 ("the '688 Patent"), U.S. Patent No. 9,639,853 ("the '853 Patent"), U.S. Patent No. 9,953,335 ("the '335 Patent"), and U.S. Patent No. 9,965,769 ("the '769 Patent") (collectively, the "Patents-in-Suit").  Honey is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies them.

3.      Honey admits that it maintains a website and offers a browser extension.  Honey otherwise denies the allegations in paragraph 3 of the Complaint.

## PARTIES

4.      Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5.      Honey admits that it is a corporation organized and existing under the laws of Delaware, having its principal place of business in Los Angeles, California.  Honey otherwise denies the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Honey admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, but Honey denies that there is any legal or factual basis for such action.

7.      Paragraph 7 contains legal conclusions to which no answer is required.  To the extent an answer is required, Honey admits for purposes of this action only that venue exists in this District for the claims against Honey pursuant to 28 U.S.C. § 1400(b).

8.      Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, Honey admits for purposes of this action only that this Court has personal jurisdiction over it. Honey otherwise denies the allegations in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

**A.  RetailMeNot's History and Business**

9.      Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint and, on that basis, denies them.

10.      Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and, on that basis, denies them.

11.      Honey admits that Exhibit A attached to the Complaint on its face purports to be copies of RetailMeNot press releases.  Honey otherwise is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

**B.      U.S. Patent No. 9,626,688**

12.      Honey admits that the face of the '688 Patent bears the title "Method and system for facilitating access to a promotional offer."  Honey admits that Exhibit B attached to the Complaint on its face purports to be a copy of the '688 Patent.  Honey otherwise denies the allegations in paragraph 12 of the Complaint.

13.      Honey denies the allegations in paragraph 13 of the Complaint.

14.      Honey denies the allegations in paragraph 14 of the Complaint.

15.      Honey denies the allegations in paragraph 15 of the Complaint.

16.      Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17.      Honey denies the allegations in paragraph 17 of the Complaint.

18.      Honey admits that the language recited in paragraph 18 of the Complaint appears in claim 1 of the '688 Patent.

19.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 19 of the Complaint and, on that basis, denies them.

20.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint and, on that basis, denies them.

21.     Honey denies the allegation in paragraph 21 of the Complaint.

**C.  U.S. Patent Nos. 9,639,853; 9,953,335; and 9,965,769**

22.     Honey admits that the face of the '853, '335, and '769 Patents bear the title "Devices, methods, and computer readable media for redemption header for merchant offers." Honey admits that Exhibits C, D, and E attached to the Complaint on their face purport to be copies of the '853, '335, and '769 Patents, respectively.   Honey otherwise denies the allegations in paragraph 22 of the Complaint.

23.     Honey denies the allegations in paragraph 23 of the Complaint.

24.     Honey denies the allegations in paragraph 24 of the Complaint.

25.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Complaint and, on that basis, denies them.

26.     Honey denies the allegations in paragraph 26 of the Complaint.

27.     Honey admits that the language recited in paragraph 27 of the Complaint appears in claim 1 of the '853 Patent.

28.     Honey admits that the language recited in paragraph 28 of the Complaint appears in claim 1 of the '335 Patent.

29.     Honey admits that the language recited in paragraph 29 of the Complaint appears in claim 1 of the '769 Patent.

30.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint and, on that basis, denies them.

31.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint and, on that basis, denies them.

32.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 33 of the Complaint and, on that basis, denies them.

34.     Honey denies the allegations in paragraph 34 of the Complaint.

**D.  Honey's Business**

35.     Honey admits that it was founded in 2012.  Honey admits that Exhibit F to the Complaint purports to be a copy of pages from Honey's website.  Honey admits that its website states that its browser extension "automatically finds and applies coupon codes at checkout." Honey admits that it offers or has offered a browser extension for Chrome, Firefox, Opera, Safari, and Edge.  Honey otherwise denies the allegations in paragraph 35 of the Complaint.

36.     Honey admits that it generates revenue on commissions earned as an affiliate marketing publisher.  Honey otherwise denies the allegations in paragraph 36 of the Complaint.

37.     Honey admits that it participates in affiliate programs, including Rakuten Linkshare and CJ Affiliate (formerly Commission Junction).  Honey otherwise denies the allegations in paragraph 37 of the Complaint.

**E.  Alleged Infringement**

38.     Honey admits that it maintains a website at https://www.joinhoney.com.  Honey admits that it offers or has offered a browser extension for Chrome, Firefox, Opera, Safari, and Edge.  Honey otherwise denies the allegations in paragraph 38 of the Complaint.

39.     Honey denies the allegations in paragraph 39 of the Complaint.

### i.     The '688 Patent

40.     Honey admits that it maintains a website at https://www.joinhoney.com. Honey otherwise denies the allegations in paragraph 40 of the Complaint.

41.     Honey denies the allegations in paragraph 41 of the Complaint.

42.     Honey denies the allegations in paragraph 42 of the Complaint.

43.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the Complaint and, on that basis, denies them.

44.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint and, on that basis, denies them.

45.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint and, on that basis, denies them.

46.     Honey admits that it provides a website at https://www.joinhoney.com. Honey otherwise denies the allegations in paragraph 46 of the Complaint.

47.     Honey denies that it has infringed or is infringing any of the Patents-in-Suit.  Honey is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 47 of the Complaint and, on that basis, denies them.

### ii.     The '853 Patent

48.     Honey admits that it offers or has offered an extension for Chrome.   Honey otherwise denies the allegations in paragraph 48 of the Complaint.

49.     Honey denies the allegations in paragraph 49 of the Complaint.

50.     Honey denies the allegations in paragraph 50 of the Complaint.

51.     Honey denies that it has infringed or is infringing any of the Patents-in-Suit.  Honey is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 51 of the Complaint and, on that basis, denies them.

### iii. The '335 Patent

52.     Honey admits that it offers or has offered an extension for Chrome.  Honey otherwise denies the allegations in paragraph 52 of the Complaint.

53.     Honey denies the allegations in paragraph 53 of the Complaint.

54.     Honey denies the allegations in paragraph 54 of the Complaint.

55.     Honey denies that it has infringed or is infringing any of the Patents-in-Suit.  Honey is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 55 of the Complaint and, on that basis, denies them.

### iv. The '769 Patent

56.     Honey admits that it offers or has offered an extension for Chrome.  Honey otherwise denies the allegations in paragraph 56 of the Complaint.

57.     Honey denies the allegations in paragraph 57 of the Complaint.

58.     Honey denies that it has infringed or is infringing any of the Patents-in-Suit.  Honey is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 58 of the Complaint and, on that basis, denies them.

### v. Alleged Knowledge and Willfulness

59.     Honey denies the allegations in paragraph 59 of the Complaint.

## F. Alleged Harm to RetailMeNot

60.     Honey is without knowledge or information sufficient to admit or deny the allegations in paragraph 60 of the Complaint and, on that basis, denies all such allegations.

61.     Honey denies the allegations in paragraph 61 of the Complaint.

62.     Honey denies the allegations in paragraph 62 of the Complaint.

## COUNT I – ALLEGED INFRINGEMENT OF THE '688 PATENT

63.     Honey incorporates each of its responses to paragraphs 1-62 as though fully set forth herein.

64.     Honey denies the allegations in paragraph 64 of the Complaint.

65.     Honey denies the allegations in paragraph 65 of the Complaint.

66.     Honey denies the allegations in paragraph 66 of the Complaint.

67.     Honey denies the allegations in paragraph 67 of the Complaint.

68.     Honey denies the allegations in paragraph 68 of the Complaint.

69.     Honey denies the allegations in paragraph 69 of the Complaint.

## COUNT II – ALLEGED INFRINGEMENT OF THE '853 PATENT

70.     Honey incorporates each of its responses to paragraphs 1-69 as though fully set forth herein.

71.     Honey denies the allegations in paragraph 71 of the Complaint.

72.     Honey denies the allegations in paragraph 72 of the Complaint.

73.     Honey denies the allegations in paragraph 73 of the Complaint.

74.     Honey denies the allegations in paragraph 74 of the Complaint.

75.     Honey denies the allegations in paragraph 75 of the Complaint.

76.     Honey denies the allegations in paragraph 76 of the Complaint.

## COUNT III – ALLEGED INFRINGEMENT OF THE '335 PATENT

77.     Honey incorporates each of its responses to paragraphs 1-76 as though fully set forth herein.

78.     Honey denies the allegations in paragraph 78 of the Complaint.

79.     Honey denies the allegations in paragraph 79 of the Complaint.

80.     Honey denies the allegations in paragraph 80 of the Complaint.

81.     Honey denies the allegations in paragraph 81 of the Complaint.

82.     Honey denies the allegations in paragraph 82 of the Complaint.

83.     Honey denies the allegations in paragraph 83 of the Complaint.

## COUNT IV – ALLEGED INFRINGEMENT OF THE '769 PATENT

84.     Honey incorporates each of its responses to paragraphs 1-83 as though fully set forth herein.

85.     Honey denies the allegations in paragraph 85 of the Complaint.

86.     Honey denies the allegations in paragraph 86 of the Complaint.

87.     Honey denies the allegations in paragraph 87 of the Complaint.

88.     Honey denies the allegations in paragraph 88 of the Complaint.

89.     Honey denies the allegations in paragraph 89 of the Complaint.

90.     Honey denies the allegations in paragraph 90 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Honey denies that Plaintiff is entitled to any relief sought in its Complaint or any relief whatsoever.

## RESPONSE TO DEMAND FOR JURY TRIAL

Honey does not object to Plaintiff's demand for a trial by jury of all issues so triable.

## <u>AFFIRMATIVE DEFENSES</u>

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof or burdens of persuasion, Honey asserts the following defenses to the Complaint and reserves its right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Honey does not and has not infringed any valid, enforceable, asserted claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, or under any theory of infringement.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Disclaimer and Estoppel)

Plaintiff is barred, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit or related patent applications, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiff's attempted enforcement of the Patents-in-Suit against Honey is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.

### SIXTH AFFIRMATIVE DEFENSE
### (Preclusion of Costs)

Plaintiff is barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief as it has, at a minimum, an adequate remedy at law for the alleged infringement and no irreparable injury.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Willfulness)

Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because Plaintiff has failed to allege Honey engaged in reprehensible conduct and Honey has engaged in no such conduct, which is a prerequisite for a finding of willfulness and an award of enhanced damages.

### RESERVATION OF RIGHTS

Honey hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the court of litigation.

### COUNTERCLAIMS

Counterclaim-Plaintiff Honey Science Corp. ("Honey") hereby counterclaims and alleges against Counterclaim-Defendant RetailMeNot, Inc. ("RetailMeNot"):

### NATURE OF THE ACTION

1.    RetailMeNot is the named assignee on the face of U.S. Patent No. 9,626,688 ("the '688 Patent"), U.S. Patent No. 9,639,853 ("the '853 Patent"), U.S. Patent No. 9,953,335 ("the '335 Patent"), and U.S. Patent No. 9,965,769 ("the '769 Patent") (collectively, the "Patents-in-Suit").

2.      The Patents-in-Suit applied well-known solutions in an attempt to address problems that now no longer exist.

3.      The Patents-in-Suit are directed to outdated technology.  As a result, even RetailMeNot does not implement that technology today.

## FACTUAL BACKGROUND

### A.  Honey's History and Business

4.      Honey was founded on the core belief that technology can help consumers.

5.      In 2012, Honey co-founder Ryan Hudson observed that many digital coupon codes used in online shopping at retail websites could be discovered through Internet searches.  However, there were countless websites, each offering coupon codes that may or may not work when applied by a user seeking to complete a transaction online.  He recognized that although customers wanted to save money, most did not want to sacrifice significant time in doing so.  To address that problem, he created a browser extension called "Honey" that could automatically find and apply coupon codes at checkout online.  He and his co-founder George Ruan built a company around this technology and commercially released the browser extension that same year.

6.      Honey's innovation has earned it repeated recognition from consumers and the industry.  Honey's browser extension for the Google Chrome browser has been recognized by Google as a Google Chrome Web Store Editor's Pick.  Honey has also earned the Retail Publisher of the Year Award by CJ (2017) and a Golden Link Award (2018).

7.      The Golden Link Award recognizes and celebrates excellence and innovation by the industry's top-performing digital marketing leaders.  On June 27, 2018, at the 16th annual Golden Link Awards, Honey was announced as the winner of the Advertiser's Choice Award.

8.      On June 25, 2018, two days before the 16th annual Golden Link Awards, RetailMeNot filed this suit.

**B. RetailMeNot's Business**

9.     According to its website, RetailMeNot attempts to "influence purchase decisions both online and in stores using strategic promotions, deals and discounts."  A true and accurate copy of pages of the RetailMeNot website is attached as Exhibit A.

10.    On information and belief, in 2013, RetailMeNot went public on the Nasdaq.  A true and accurate copy of pages of the RetailMeNot Annual Report from 2013 to 2016 are attached as Exhibits B to E, respectively.  In each of these reports, RetailMeNot reported that "our primary competition is from other digital offer websites."  Ex. B at 9; Ex. C at 10; Ex. D at 8; Ex. E at 5.

11.    In 2014, the Wall Street Journal reported that RetailMeNot's stock was down.  A true and correct copy of the 2014 Wall Street Journal article is attached as Exhibit F.  The article reported that RetailMeNot got "roughly 65% of its traffic from search" and when "Google began rolling out the latest update to its algorithm . . . , initial reports suggested RetailMeNot was among the biggest losers."

12.    In 2015, the Wall Street Journal reported that RetailMeNot "swung to an unexpected loss . . . , hurt by weakness in search traffic."  A true and correct copy of the 2015 Wall Street Journal article is attached as Exhibit G.  The article quotes a RetailMeNot Chief Executive as stating, "We clearly aren't moving fast enough and we remain susceptible to the ongoing volatility of organic search results."

13.    On information and belief, RetailMeNot was purchased in April 2017, and subsequently went private.

14.    On information and belief, in November 2017, RetailMeNot launched RetailMeNot Genie, a browser extension that automatically finds and applies coupon codes at checkout online.  RetailMeNot Genie launched five years after Honey first commercially released its browser extension.

## JURISDICTION AND VENUE

15.    Honey is a corporation organized and existing under the laws of Delaware, having its principal place of business in Los Angeles, California.

16.    RetailMeNot states in its Complaint that it is a private corporation organized and existing under the laws of Delaware, having its principal place of business in Austin, Texas.

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the Patent Act of the United States, 35 U.S.C. § 1, *et seq.*

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), because RetailMeNot states in its Complaint that it is a corporation organized and existing under the laws of Delaware and thus resides in this District.  To the extent the underlying action brought by RetailMeNot against Honey proceeds in this District, then venue as to these counterclaims is convenient and appropriate.

19.    By filing its Complaint with this Court, RetailMeNot has consented to personal jurisdiction of this Court.

20.    In its Complaint, RetailMeNot alleges that Honey infringes the Patents-in-Suit.

21.    Honey denies that it infringes any valid, enforceable claim of the Patents-in-Suit.

22.    An actual controversy has arisen and now exists between Honey and RetailMeNot as to the non-infringement and invalidity of the Patents-in-Suit.

## COUNTERCLAIM ONE
### (Declaratory Judgment of Non-Infringement of the '688 Patent)

23.    Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-22.

24.     In its Complaint, RetailMeNot alleges that Honey has infringed and is currently infringing one or more claims of the '688 Patent by making, using, offering for sale, and/or selling its website, browser extensions, and related software and services.

25.     Honey denies these claims of infringement and believes that the Complaint has been filed without good cause for believing the allegations to be true.  In particular, RetailMeNot's Complaint fails to articulate sufficient basis for alleging that the Honey website meets all the limitations of claim 1 (the only identified asserted claim) of the '688 Patent.  Further, RetailMeNot's Complaint fails to articulate any basis for alleging that the Honey browser extension meets all the limitations of any claim of the '688 Patent.

26.     Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged infringement of the '688 Patent.

27.     Honey is entitled to declaratory judgment from this Court that it does not infringe and has not infringed in any manner any valid, enforceable claim of the '688 Patent.

## COUNTERCLAIM TWO
### (Declaratory Judgment of Invalidity of the '688 Patent)

28.     Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-27.

29.     In its Complaint, RetailMeNot alleges that the '688 Patent is valid.

30.     Honey denies that the '688 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation the requirement of 35 U.S.C. §§ 101, 102, 103 and/or 112.

31.     For example, the limitation "a flash object or other object . . ." fails to particularly point out and distinctly claim the subject matter and is therefore indefinite under 35 U.S.C. § 112.

32.     Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged validity of the '688 Patent.

33.     Honey is entitled to declaratory judgment from this Court that the claims of the '688 Patent are invalid.

## COUNTERCLAIM THREE
### (Declaratory Judgment of Non-Infringement of the '853 Patent)

34.     Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-33.

35.     In its Complaint, RetailMeNot alleges that Honey has infringed and is currently infringing one or more claims of the '853 Patent by making, using, offering for sale, and/or selling its website, browser extensions, and related software and services.

36.     Honey denies these claims of infringement and believes that the Complaint has been filed without good cause for believing the allegations to be true.  In particular, RetailMeNot's Complaint fails to articulate sufficient basis for alleging that the Honey browser extension meets all the limitations of claim 1 (the only identified asserted claim) of the '853 Patent.  Further, RetailMeNot's Complaint fails to articulate any basis for alleging that the Honey website meets all the limitations of any claim of the '853 Patent.

37.     Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged infringement of the '853 Patent.

38.     Honey is entitled to declaratory judgment from this Court that it does not infringe and has not infringed in any manner any valid, enforceable claim of the '853 Patent.

## COUNTERCLAIM FOUR
### (Declaratory Judgment of Invalidity of the '853 Patent)

39.    Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-38.

40.    In its Complaint, RetailMeNot alleges that the '853 Patent is valid.

41.    Honey denies that the '853 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation the requirement of 35 U.S.C. §§ 101, 102, 103 and/or 112.

42.    For example, the limitation "offers engine" fails to particularly point out and distinctly claim the subject matter and is therefore indefinite under 35 U.S.C. § 112.

43.    Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged validity of the '853 Patent.

44.    Honey is entitled to declaratory judgment from this Court that the claims of the '853 Patent are invalid.

## COUNTERCLAIM FIVE
### (Declaratory Judgment of Non-Infringement of the '335 Patent)

45.    Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-44.

46.    In its Complaint, RetailMeNot alleges that Honey has infringed and is currently infringing one or more claims of the '335 Patent by making, using, offering for sale, and/or selling its website, browser extensions, and related software and services.

47.    Honey denies these claims of infringement and believes that the Complaint has been filed without good cause for believing the allegations to be true. In particular, RetailMeNot's Complaint fails to articulate sufficient basis for alleging that the Honey browser extension meets

all the limitations of claim 1 (the only identified asserted claim) of the '335 Patent.  Further, RetailMeNot's Complaint fails to articulate any basis for alleging that the Honey website meets all the limitations of any claim of the '335 Patent.

48.    Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged infringement of the '335 Patent.

49.    Honey is entitled to declaratory judgment from this Court that it does not infringe and has not infringed in any manner any valid, enforceable claim of the '335 Patent.

## COUNTERCLAIM SIX
### (Declaratory Judgment of Invalidity of the '335 Patent)

50.    Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-49.

51.    In its Complaint, RetailMeNot alleges that the '335 Patent is valid.

52.    Honey denies that the '335 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation the requirement of 35 U.S.C. §§ 101, 102, 103 and/or 112.

53.    For example, the limitation "coordinating . . . consistent content across domains" fails to particularly point out and distinctly claim the subject matter and is therefore indefinite under 35 U.S.C. § 112.

54.    Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged validity of the '335 Patent.

55.    Honey is entitled to declaratory judgment from this Court that the claims of the '335 Patent are invalid.

## COUNTERCLAIM SEVEN
### (Declaratory Judgment of Non-Infringement of the '769 Patent)

56.     Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-55.

57.     In its Complaint, RetailMeNot alleges that Honey has infringed and is currently infringing one or more claims of the '769 Patent by making, using, offering for sale, and/or selling its website, browser extensions, and related software and services.

58.     Honey denies these claims of infringement and believes that the Complaint has been filed without good cause for believing the allegations to be true.  In particular, RetailMeNot's Complaint fails to articulate sufficient basis for alleging that the Honey browser extension meets all the limitations of claim 1 (the only identified asserted claim) of the '769 Patent.  Further, RetailMeNot's Complaint fails to articulate any basis for alleging that the Honey website meets all the limitations of any claim of the '769 Patent.

59.     Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged infringement of the '769 Patent.

60.     Honey is entitled to declaratory judgment from this Court that it does not infringe and has not infringed in any manner any valid, enforceable claim of the '769 Patent.

## COUNTERCLAIM EIGHT
### (Declaratory Judgment of Invalidity of the '769 Patent)

61.     Honey restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-60.

62.     In its Complaint, RetailMeNot alleges that the '769 Patent is valid.

63.     Honey denies that the '769 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation the requirement of 35 U.S.C. §§ 101, 102, 103 and/or 112.

64.     For example, the limitation "coordinating . . . consistent content across domains" fails to particularly point out and distinctly claim the subject matter and is therefore indefinite under 35 U.S.C. § 112.

65.     Thus, an immediate, real and justiciable controversy has arisen between Honey and RetailMeNot concerning the alleged validity of the '769 Patent.

66.     Honey is entitled to declaratory judgment from this Court that the claims of the '769 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Honey prays that this Court:

A.     Enter judgment in favor of Honey, and against RetailMeNot, thereby dismissing RetailMeNot's Complaint in its entirety, with prejudice, with RetailMeNot taking nothing by way of its claims;

B.     Declare that Honey has not infringed, and is not now infringing any valid, enforceable claim of the Patents-in-Suit;

C.     Declare that all asserted claims of the Patents-in-Suit are invalid;

D.     Hold that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Honey to RetailMeNot for any of the acts alleged in RetailMeNot's Complaint;

E.     Hold that RetailMeNot is not entitled to injunctive relief;

F.      Permanently enjoin RetailMeNot, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Patents-in-Suit against Honey or any parents, affiliates, or subsidiaries of Honey or its respective officers, agents, employees, successors, and assigns;

G.      Find that this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering RetailMeNot to pay Honey's reasonable attorneys' fees incurred in this action; and

H.      Order RetailMeNot pay all costs incurred by Honey in this action; and awarding Honey all other relief that the Court deems just and proper.

## JURY DEMAND

Honey hereby demands trial by jury on all issues so triable.


OF COUNSEL:
Tara D. Elliott
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
tara.elliot@lw.com

Lisa K. Nguyen
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
lisa.nguyen@lw.com

Robert Steinberg
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
bob.steinberg@lw.com
Dated: September 17, 2018

_/s/ Kelly E. Farnan_
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant and Counterclaim
Plaintiff Honey Science Corporation*