IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RETAILMENOT, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-937 (CFC) (MPT) ) ) **JURY TRIAL DEMANDED** |
| HONEY SCIENCE CORP., | ) ) |
| Defendant. | ) |

## RETAILMENOT INC.'S ANSWER TO HONEY SCIENCE CORP.'S FIRST AMENDED COUNTERCLAIMS

Plaintiff RetailMeNot, Inc. ("RetailMeNot") respectfully submits its Answer in response to the first amended counterclaims of Defendant Honey Science Corp. ("Honey"). RetailMeNot denies that Honey is entitled to the relief requested. RetailMeNot denies all allegations in the counterclaims unless specifically admitted herein. For ease of reading, RetailMeNot repeats the section headings in the counterclaims; to the extent such headings include or infer allegations, RetailMeNot denies them.

## NATURE OF THE ACTION

1. RetailMeNot admits that it is the named assignee of U.S. Patent No. 9,626,688 ("the '688 Patent"), U.S. Patent No. 9,639,853 ("the '853 Patent"), U.S. Patent No. 9,953,335 ("the '335 Patent"), and U.S. Patent No. 9,965,769 ("the '769 Patent").

2. Denied.

3. Denied.

4. RetailMeNot admits that the face of U.S. Patent No. 10,140,625 ("the '625 Patent") names Honey as assignee. RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

5. Denied.

6. RetailMeNot admits that it offers the RetailMeNot Genie browser extension. RetailMeNot denies the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

**A.     Honey's History and Business**

7. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. RetailMeNot admits, on information and belief, that Ryan Hudson and George Ruan are co-founders of Honey. RetailMeNot admits that there exist retail websites that offer coupon codes that may or may not work when applied by a user. RetailMeNot admits that Honey has made and has commercially released a browser extension that, among other things, finds and applies coupon codes at checkout online. RetailMeNot admits, on information and belief, that Honey had released the Honey browser extension at least by 2012. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

9. RetailMeNot admits that Honey has been listed as an "Editor's Pick" on the Google Chrome Web Store. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

10. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

11. RetailMeNot admits that it filed the complaint in this suit on June 25, 2018. RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**B.     RetailMeNot's Business**

12. RetailMeNot admits that Exhibit A to Honey's Answer is a partial printout of a webpage from RetailMeNot's website at http://www.retailmenot.com/corp/, as of the Sept. 17, 2018 print date. RetailMeNot admits that Exhibit A includes the following statement: "Engage consumers and influence purchase decisions both online and in stores using strategic promotions, deals and discounts," which is accompanied by a video entitled, "RetailMeNot: Driving Growth through the Power of Savings." RetailMeNot denies the remaining allegations of this paragraph.

13. RetailMeNot admits that its equities were publicly traded on the NASDAQ, starting in 2013. RetailMeNot admits that Exhibits B to E to Honey's Answer purport to be copies of RetailMeNot's Form 10-Ks from 2013 through 2016, respectively. RetailMeNot admits that its Form 10-Ks from 2014 to 2016 include the following statements: "We believe our primary competition is from other digital offer websites ...." RetailMeNot denies the remaining allegations of this paragraph, including that its 2013 Form 10-K includes the same statement; instead, it states the following: "We believe that our primary competition is from other digital coupon websites ...."

14. RetailMeNot admits that Exhibit F to Honey's Answer purports to be a 2014 article from the Wall Street Journal. The publication speaks for itself. To the extent that this paragraph contains other allegations, RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of those remaining allegations and therefore denies them.

15. RetailMeNot admits that Exhibit G to Honey's answer purports to be a 2015 article from the Wall Street Journal. The publication speaks for itself. To the extent that this paragraph contains other allegations, RetailMeNot is without knowledge or information sufficient to form a belief as to the truth of those remaining allegations and therefore denies them.

16. RetailMeNot admits that it was purchased in May 2017 and that its stock is no longer publicly traded.

17. RetailMeNot admits that, in June 2017, it released RetailMeNot Genie, a browser extension that, among other things, automatically finds and applies coupon codes at checkout online. RetailMeNot further admits, on information and belief, that Honey released its browser extension at some point in 2012. RetailMeNot is without knowledge or information sufficient to form a belief as to Honey's allegation that RetailMeNot Genie was launched at least five years after Honey first commercially released its browser extension, and therefore denies the same.

**G. [*sic*]    The Honey Patent**

18. RetailMeNot admits that the '625 Patent is entitled "Systems and Methods for Interfacing With a Website to Modify Content," and issued on November 27, 2018. RetailMeNot admits that Ryan David Hudson and George Ruan are named as inventors on the face of the '625 Patent, and that Honey is the named assignee on the face of the '625 Patent. RetailMeNot admits that Exhibit H attached to Honey's First Amended Answer and Counterclaims purports to be a copy of the '625 Patent. RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

4

19. This paragraph characterizes the invention of the '625 Patent, which speaks for itself. RetailMeNot denies the remaining allegations of this paragraph.

20. This paragraph characterizes the invention of the '625 Patent, which speaks for itself. RetailMeNot denies the remaining allegations of this paragraph.

21. Admitted.

22. Denied.

### H.    RetailMeNot's [Alleged] Infringement

23. RetailMeNot admits that RetailMeNot Genie is available for the Google Chrome browser and Mozilla Firefox browser. RetailMeNot denies the remaining allegations of this paragraph.

24. RetailMeNot admits that the operation of RetailMeNot Genie involves the use of coupon codes under certain circumstances. RetailMeNot denies the remaining allegations of this paragraph.

25. RetailMeNot admits that RetailMeNot Genie operates via browser software installed on a user's device, and that such software may communicate with RetailMeNot's servers and the Internet. RetailMeNot admits that the operation of RetailMeNot Genie may, in certain circumstances, involve the use of coupon codes, interacting with merchant websites, and displaying certain graphical input fields, including buttons. RetailMeNot admits that the screenshot reproduced in paragraph 25 of the First Amended Answer and Counterclaims purports to depict the operation of RetailMeNot Genie. RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, including whether RetailMeNot Genie generates the particular display of the screenshot reproduced in this paragraph. On that basis, RetailMeNot denies the remaining allegations of this paragraph.

26. RetailMeNot admits that the operation of RetailMeNot Genie may, in certain circumstances, involve the use of coupon codes and the display of a graphical input field. RetailMeNot admits that the screenshot reproduced in paragraph 26 of the First Amended Answer and Counterclaims purports to depict the operation of RetailMeNot Genie. RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, including whether RetailMeNot Genie generates the particular display of the screenshot reproduced in this paragraph. On that basis, RetailMeNot denies the remaining allegations of this paragraph.

27. RetailMeNot admits that, in certain circumstances, the operation of RetailMeNot Genie may involve the use of coupon codes. RetailMeNot admits that the screenshots reproduced in paragraph 27 of the First Amended Answer and Counterclaims purport to depict the operation of RetailMeNot Genie. RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, including whether RetailMeNot Genie generates the particular displays of the screenshots reproduced in this paragraph, and those allegations regarding the behavior of various coupons. On that basis, RetailMeNot denies the remaining allegations of this paragraph.

28. RetailMeNot admits that it makes available RetailMeNot Genie to its users. RetailMeNot admits that its users may make use of coupon codes provided by RetailMeNot Genie. RetailMeNot admits that, in certain circumstances, it may receive monetary commissions from the use of coupon codes by its users. RetailMeNot denies that such activities constitute, induce, contribute to, or cause RetailMeNot to be liable for infringement, and denies any remaining allegations of this paragraph.

29. Denied.

I.    **[Alleged] Harm to Honey**

30.    RetailMeNot admits that Honey offers to consumers, and on information and belief develops, a Honey Browser extension that, in certain circumstances, may apply coupon codes on behalf of a consumer.  RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

31.    RetailMeNot admits that certain merchants and affiliate networks may, in certain circumstances, pay commissions when an extension provider refers a user to make a purchase. RetailMeNot denies the remaining allegations of this paragraph.

32.    RetailMeNot denies that there are no acceptable non-infringing alternatives available to RetailMeNot.  RetailMeNot lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

## JURISDICTION AND VENUE

33.    RetailMeNot admits, on information and belief, that Honey is a corporation organized and existing under the laws of Delaware, having its principal place of business in Los Angeles, California.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted that for the purposes of this specific case only, RetailMeNot consents to personal jurisdiction of this Court.

38.    Admitted.

39.    RetailMeNot admits that Honey denies that it infringes any valid, enforceable claim of RetailMeNot's Patents-in-Suit; otherwise denied.

40. Admitted.

## COUNTERCLAIM ONE
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '688 PATENT)

41. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–40 of Honey's counterclaims.

42. Admitted.

43. RetailMeNot admits that Honey denies RetailMeNot's allegations of infringement; otherwise denied.

44. Admitted.

45. Denied.

## COUNTERCLAIM TWO
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '688 PATENT)

46. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–45 of Honey's counterclaims.

47. Admitted.

48. RetailMeNot admits that Honey denies that the '688 Patent is valid and that Honey asserts that the '688 Patent is invalid. RetailMeNot denies the remaining allegations of this paragraph.

49. Denied.

50. Admitted.

51. Denied.

## COUNTERCLAIM THREE
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '853 PATENT)

52. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–51 of Honey's counterclaims.

53. Admitted.

54. RetailMeNot admits that Honey denies RetailMeNot's allegations of infringement; otherwise denied.

55. Admitted.

56. Denied.

**COUNTERCLAIM FOUR**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '853 PATENT)**

57. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–56 of Honey's counterclaims.

58. Admitted.

59. RetailMeNot admits that Honey denies that the '853 Patent is valid and that Honey asserts that the '853 Patent is invalid. RetailMeNot denies the remaining allegations of this paragraph.

60. Denied.

61. Admitted.

62. Denied.

**COUNTERCLAIM FIVE**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '335 PATENT)**

63. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–62 of Honey's counterclaims.

64. Admitted.

65. RetailMeNot admits that Honey denies RetailMeNot's allegations of infringement; otherwise denied

66. Admitted.

67. Denied.

## COUNTERCLAIM SIX
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '335 PATENT)

68. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–67 of Honey's counterclaims.

69. Admitted.

70. RetailMeNot admits that Honey denies that the '335 Patent is valid and that Honey asserts that the '335 Patent is invalid. RetailMeNot denies the remaining allegations of this paragraph.

71. Denied.

72. Admitted.

73. Denied.

## COUNTERCLAIM SEVEN
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '769 PATENT)

74. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–73 of Honey's counterclaims.

75. Admitted.

76. RetailMeNot admits that Honey denies RetailMeNot's allegations of infringement; otherwise denied.

77. Admitted.

78. Denied.

## COUNTERCLAIM EIGHT
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '769 PATENT)

79. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–78 of Honey's counterclaims.

80. Admitted.

81. RetailMeNot admits that Honey denies that the '769 Patent is valid and that Honey asserts that the '769 Patent is invalid. RetailMeNot denies the remaining allegations of this paragraph.

82. Denied.

83. Admitted.

84. Denied.

## COUNTERCLAIM NINE
## (INFRINGEMENT OF THE '625 PATENT)

85. RetailMeNot restates and incorporates by reference each of the above responses to the allegations in paragraphs 1–84 of Honey's counterclaims.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## RESPONSE TO HONEY'S PRAYER FOR RELIEF

RetailMeNot denies that Honey is entitled to any of the relief requested in its Prayer for Relief.

## GENERAL DENIAL

RetailMeNot further denies each and every allegation to which RetailMeNot has not specifically admitted, denied, or otherwise responded to herein.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert A. Appleby<br>Jeanne M. Heffernan P.C.<br>Jon R. Carter<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>(212) 446-4800<br><br>January 3, 2019 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jtigan@mnat.com<br><br>*Attorneys for Plaintiff* |

12

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 3, 2019 upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant Honey Science Corp.* | *VIA ELECTRONIC MAIL* |
| Tara D. Elliott, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>*Attorneys for Defendant Honey Science Corp.* | *VIA ELECTRONIC MAIL* |
| Lisa K. Nguyen, Esquire<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>*Attorneys for Defendant Honey Science Corp.* | *VIA ELECTRONIC MAIL* |
| Robert Steinberg, Esquire<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>*Attorneys for Defendant Honey Science Corp.* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)