IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RETAILMENOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-937 (CFC) (MPT) |
| | ) | |
| HONEY SCIENCE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 12 of the Scheduling Order entered by the Court on December 20, 2018 (D.I. 29), Plaintiff RetailMeNot, Inc. and Defendant Honey Science Corp. hereby submit their Joint Claim Construction Chart identifying the terms and phrases of the claims in issue, including agreed constructions and each party's proposed construction of disputed claim language with citations to the intrinsic evidence in support of their respective proposed constructions.

The charts below reference the following patents:

U.S. Patent No. 9,626,688: '688 Patent

U.S. Patent No. 9,639,853: '853 Patent

U.S. Patent No. 9,953,335: '335 Patent

U.S. Patent No. 9,965,769: '769 Patent

U.S. Patent No. 10,140,625: '625 Patent

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jtigan@mnat.com |
| Robert A. Appleby<br>Jeanne M. Heffernan P.C.<br>Jon R. Carter<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>(212) 446-4800 | |
| | *Attorneys for Plaintiff and Counterclaim Defendant RetailMeNot, Inc.* |
| | RICHARDS, LAYTON & FINGER, P.A. |
| | */s/ Kelly E. Farnan* |
| OF COUNSEL: | Kelly E. Farnan<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>(302) 651-7705<br>farnan@rlf.com |
| Tara D. Elliott<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 | |
| | *Attorneys for Defendant and Counterclaim Plaintiff Honey Science Corporation* |
| Lisa K. Nguyen<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>(650) 328-4600 | |
| Robert Steinberg<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd.<br>Suite 1100<br>Los Angeles, CA 90067<br>(424) 653-5500 | |
| May 17, 2019 | |

**Chart 1: Agreed-To Terms and Constructions**

| Claim Term | Agreed-to Construction |
|---|---|
| **U.S. Patent No. 10,140,625** ||
| Preamble | limiting |
| **U.S. Patent No. 9,639,853** ||
| "selection of one of the plurality of offers" | "selection of one of the plurality of electronic coupons" |

**Chart 2: Disputed Terms and Constructions**

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| "feedback portion"<br><br>'688 patent, claims 1–2 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 2; 2:31–41; 4:55–67; 5:16–30; 5:67–6:14.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Proposed Construction**<br><br>"part of the webpage inviting user input"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '688 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 2; 2:31–41; 4:55–67; 5:8–23; 5:65–6:14; 9:26–9:27; 10:29–10:33.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "indicative of historical user's views on the content"<br><br>'688 patent, claim 1 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, | **Proposed Construction**<br><br>"displaying previously posted user comments in relation to content"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '688 patent, its cited references, and |

| Claim Term | RetailMeNot's Proposed Construction and Intrinsic Evidentiary Support | Honey's Proposed Construction and Intrinsic Evidentiary Support |
|---|---|---|
| | but not limited to the specific portions identified herein<br><br>Abstract; Fig. 2; 2:31–41; 4:55–67; 5:16–30; 5:67–6:14.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 2; 2:20–41; 5:16–35; 5:67–6:14; 6:50-63; 9:26–9:27; 10:29–10:33.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "display portion overlaid with a coupon code and a flash object or other object"<br><br>'688 patent, claim 1 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 2; 1:41–59; 2:46–55; 4:5–32; 5:8–44; 6:50–7:8; 9:15–27; 10:34–42.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Proposed Construction**<br><br>"a coupon code and a flash object or other object overlaying a part of a webpage"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '688 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 2:31–41; 4:55–67; 5:8–23; 5:65–6:14; 9:12–9:28; 10:29–10:38.<br><br>App. No. 14/081,072: 12/13/2016 Not. of Allowance<br><br>App. No. 13/585,576: 06/25/2013 Resp. at 11-13. |

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | | All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "secure sandbox" '688 patent, claim 1 | **Proposed Construction**<br><br>Plain and ordinary meaning <u>or</u> "environment in which processes run with restricted privileges and/or have restricted access to resources outside of the sandbox"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 4; 3:30–37; 3:63–4:4; 6:23–39; 6:58–7:4; 8:5–36; 8:59–66; 9:30–38; 10:36–42;<br><br>File History of U.S. Patent Application No. 12/841,071, 2013-02-05 Applicant Arguments/ Remarks Made in an Amendment, at 8–9;<br><br>File History of U.S. Patent Application No. 13/585,576, 2013-02-05 Applicant Arguments/ Remarks Made in an Amendment, at 17–18.<br><br>All evidence cited by Honey in support of its | **Proposed Construction**<br><br>"environment with restricted privileges which prohibits access to the clipboard of the client computing device"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '688 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 1, 4; 3:30–37; 3:63–4:4; 6:23–39; 6:58–7:4; 8:5–36; 8:59–10:28; 10:36–42.<br><br>App. No. 14/081,072: 12/05/2016 Examiner Initiated Interview Summary; 12/13/2016 Not. of Allowance<br><br>App. No. 13/585,576: 02/05/2013 Resp. at 20.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | proffered claim construction, and evidence rebutting those citations. | |
| "automatically"<br><br>'688 patent, claim 1 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 1:53–57; 2:4–19; 5:54–64; 6:58–7:20; 7:35–44; 8:59–66; 9:30–44.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Proposed Construction**<br><br>"without human intervention"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '688 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 3; 1:53–57; 2:4–19; 5:54–64; 6:58–7:20; 7:35–44; 8:59–66; 9:30–44.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "content item"<br><br>'688 patent, claim 1 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence**<br><br>The entirety of the '688 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends |

5

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | RetailMeNot intends to rely on the '688 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; Fig. 2; 3:27–38; 3:63–4:32; 5:8–12; 5:45–49; 6:15–39; 8:59–66; 9:4–10:28.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | to rely on the '688 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>2:24–27; 3:67-4:3; 4:5-9; 8:59–10:28.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "webpage"<br><br>'853 patent, claims 1–2, 4–5, 7, 10, 15, 17, and 19<br><br>'335 patent, 1, 9–12, 15, 18, 25, 27–28, and 31<br><br>'769 patent, 1, 3, 5, 11–14, 20–21, 25, and 30 | **Proposed Construction**<br><br>"a collection of resources to be rendered by the browser and associated plug-ins or extensions, including content dynamically constructed with execution of scripts or network requests"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 patent specifications, their claims, and their file histories support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '853, '335, and '769 patents and their prosecution histories in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 patent,[1] Abstract; 2:4–10, 2:33–40, 7:12–47, | **Proposed Construction**<br><br>"a collection of resources identified at one page at a URL"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent[2]: Abstract, 1:55-3:13, 4:60-5:21; 5:33-63; 6:5-17; 6:18-43; 7:12-40; 7:41-8:7; 8:8-30; 9:6-39; 13:4-9; 13:54-62; 15:65-16:11; 16:52-17:8; |

---

[1] RetailMeNot's citations to portions of the specification of any one of the '853, '335, and/or '769 Patents include the corresponding citations from the specifications of any of the others.

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | 8:13–30, 9:6–23, 16:37–17:20, 17:49–54, 19:8–18, 19:36–20:15, 20:38–57, 25:17–32, 26:44–56, 30:41–31:7, 31:10–24, 31:29–35, 31:53–32:15, 32:35–37, 32:43–46, 32:52–33:17; Figs. 2, 4A–4F, 5, 6A–6B.<br><br>'335 patent: Abstract; 2:6–14, 2:35–42, 7:14–49, 8:15–32, 9:8–27, 16:40–17:23, 17:52–62, 19:11–22, 19:40–20:19, 20:42–61, 25:19–34, 26:46–58, 30:41–31:20, 32:44–65, 33:8–13, 33:24–67, 34:53–56, 35:1–7, 35:17–22; Figs. 2, 4A–4F, 5, 6A–6B.<br><br>'769 patent: Abstract; 2:11–19, 2:40–52, 7:20–55, 8:21–38, 9:14–34, 16:44–17:27, 17:57–67, 19:16–26, 19:44–20:23, 20:46–65, 25:23–38, 26:50–62, 39:49–31:39, 31:44–47, 32:1–11, 32:59–33:15, 33:49–62, 34:17–24, 34:54–36:21; Figs. 2, 4A–4F, 5, 6A–6B.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | 17:9-20; 17:37-59; 19:36-63; 19:64-20:5; 20:6-37; 20:58-21:22; 21:23-44; 22:42-62; 23:13-42; 24:1-20; 25:17-39; 25:40-53; 26:26-34; Fig. 1-3, 4A-4F, 5, 6A-6B<br><br>Appl. No. 13/837,790: 9/14/2016 App. Br. at 6-9, 14-15<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "website"<br><br>'853 patent, claims 1, 5, 9–10, and 19–20 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853 patent specification, its claims, and its file history support RetailMeNot's | **Proposed Construction**<br><br>"a collection of [ … ] webpages" (noun) or "[…] of a collection of webpages" (adj.)<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 |

---

[2] Honey's citations to portions of the '853 Patent incorporate by reference corresponding citations to the '335 and '769 Patents.

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | proposed construction of this term. Therefore, RetailMeNot intends to rely on the '853 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 2:33–43, 2:63–65, 5:49–63, 6:18–43, 7:12–47, 8:13–30, 16:37–17:20, 19:8–18, 19:36–20:15, 20:38–57, 26:44–56, 30:41–31:7, 31:15–24, 31:39–32:15, 32:52–34:29; Figs. 2, 3, 4A–4F, 5, 6A–6B.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent: 1:55-3:13; 4:60-5:21; 5:33-63; 6:5-17; 6:18-43; 7:12-40; 7:41-8:7; 8:8-30; 9:6-39; 13:4-9; 13:54-62; 16:52-17:8; 17:9-20; 19:36-63; 20:6-37; 20:38-57; 20:58-21:22; 21:23-44; 23:13-42; 25:17-39; 26:7-25; Fig. 1-3, 4A-4F, 5, 6A-6B<br><br>Appl. No. 13/837,790: 9/14/2016 App. Br. at 6-9, 14-15<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "webpage element of the merchant webpage"<br><br>'853 patent, 1, 9, and 19–20 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '853 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified | **Proposed Construction**<br><br>"part of the webpage from the merchant's server(s) that displays information and/or receives user input"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but |

8

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| | herein:<br><br>Abstract; 2:4–12, 2:33–45, 3:9–13, 17:52–59, 25:17–32, 30:41–31:7, 31:39–52, 32:52–34:29; Figs. 4A–4F, 6A–6B,<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | not limited to the specific portions identified herein:<br><br>'853 Patent: Abstract; 1:55-3:13; 5:22-32; 6:5-17; 6:51-63; 6:18-43; 7:41-8:7; 8:8-30; 8:47-55; 9:6-39; 13:25-31; 17:21-36; 17:37-59; 17:60-18:10; 18:11-27; 18:28-57; 19:8-35; 19:36-63; 20:58-21:22; 22:42-62; 24:21-44; 25:17-39; 25:40-53; 25:54-26:6; 26:7-25; 26:26-34; 26:35-56; 27:31-53; Fig. 1-3, 4A-4F, 5, 6A-6B<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "offer identifier"<br><br>'853 patent, claims 1, 5–6, 9–10, 13–14, 16, and 19–20 | **Proposed Construction**<br><br>"an identifier associated with an offer that enables or describes the redemption of the offer to a user"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '853 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 1:26–51, 3:60–63, 6:18–43, 16:27–36, 16:61–17:2, 18:40–57, 22:1-5, 24:32–44, 30:41–31:7, 31:15–28, 31:39–32:15, 32:27–34, 32:38–42, 32:52–34:29; Figs. 2, 4A–4F, 5, 6A–6B, | **Proposed Construction**<br><br>"identifier used to identify an offer"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent: Abstract; 1:26-51; 1:55-3:13; 7:12-40; 7:41-8:7; 8:8-30; 9:6-39; 9:40-64; 10:21-42; 10:43-53; 15:1-18; 15:65-16:11; 16:12-36; 18:28-57; 19:36-63; 22:42-62; 23:43-67; 24:21-44; 25:1-16; 25:54-26:6; 26:7-25; Fig. 1-3, 4A-4F, 5, 6A-6B |

9

| Claim Term | RetailMeNot's Proposed Construction and Intrinsic Evidentiary Support | Honey's Proposed Construction and Intrinsic Evidentiary Support |
|---|---|---|
| | All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | Appl. No. 13/837,790: 9/14/2016 App. Br. at 15-16, 23<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "offer redemption identifier"<br><br>'853 patent, claims 1, 5–6, 9–10, 13–14, 16, and 19–20 | **Proposed Construction**<br><br>"an identifier associated with an offer that enables or describes the redemption of the offer to a user"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '853 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 1:26–51, 3:60–63, 6:18–43, 16:27–36, 16:61–17:2, 18:40–57, 22:1-5, 24:32–44, 30:41–31:7, 31:15–28, 31:39–32:15, 32:27–34, 32:38–42, 32:52–34:29; Figs. 2, 4A–4F, 5, 6A–6B,<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Proposed Construction**<br><br>"identifier used to identify an offer and enables or describes the redemption of the offer"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent: Abstract; 1:26-51; 1:55-3:13; 7:12-40; 7:41-8:7; 8:8-30; 9:6-39; 9:40-64; 10:21-42; 10:43-53; 15:1-18; 15:65-16:11; 16:12-36; 18:28-57; 19:36-63; 22:42-62; 23:43-67; 24:21-44; 25:1-16; 25:54-26:6; 26:7-25; Fig. 1-3, 4A-4F, 5, 6A-6B<br><br>Appl. No. 13/837,790: 9/14/2016 App. Br. at 15-16, 23<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| "content item"<br><br>"content item identifier"<br><br>'335 patent, claims 1, 10, 15, 18, and 31<br><br>'769 patent, 1, 9, 12, 21, 25, and 30 | **Proposed Construction**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '335 and '769 patent specifications, their claims, and their file histories support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '335 and '769 patents and their prosecution histories in their entirety, including, but not limited to the specific portions identified herein:<br><br>'335 patent: Abstract; 2:15–47, 3:54–4:4, 6:20–45, 7:14–21, 7:43–58, 10:65–11:27, 13:41–49, 16:29–39, 16:55–17:11, 18:31–19:67, 21:49–22:44, 24:23–46, 30:41–31:20, 32:48–58, 33:8–13, 33:24–67, 35:10–16; Figs. 4A–4F, 6A–6B.<br><br>'769 patent: Abstract; 2:20–52, 3:59–4:9, 6:26–51, 7:20–27, 7:49–8:2, 10:62–11:32, 16:33–43, 16:59–17:16, 18:36–60, 19:16–20:5, 21:53–22:48, 24:27–50, 30:49–31:39, 32:45–53, 32:63–67, 33:56–62, 34:17–24, 34:54–36:21; Figs. 4A–4F, 6A–6B.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent: Abstract; 1:55-3:13; 4:60-5:21; 6:5-17; 6:18-43; 7:12-40; 7:41-8:7; 8:8-30; 8:31-46; 9:6-39; 9:40-64; 10:21-42; 10:43-53; 15:1-18; 15:65-16:11; 16:12-36; 17:9-20; 17:37-59; 17:60-18:10; 18:28-57; 19:36-:63; 20:6-37; 20:38-57; 21:23-44; 21:45-22:5; 22:6-41; 22:42-62; 22:63-23:3; 23:13-42; 23:43-67; 24:1-20; 25:1-16; 25:17-39; 25:40-53; 25:54-26:6; 26:7-25; 30:16-39<br><br>Appl. No. 13/837,790: 9/14/2016 App. Br. at 15-16, 23<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "communicating the selection of the given content item by the user across domains via the | **Proposed Construction**<br><br>Plain and ordinary meaning | **Proposed Construction**<br><br>Indefinite |

11

| CLAIM TERM | RETAILMENOT'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT | HONEY'S PROPOSED CONSTRUCTION AND INTRINSIC EVIDENTIARY SUPPORT |
|---|---|---|
| client-side browser-accessible storage, from content associated with the first domain to content associated with the second domain, by accessing the client-side browser-accessible storage after the web browser has navigated to the second web page; and"<br><br>"communicating the at least some of the content items across domains via the client-side browser-accessible storage, from content associated with the first domain to content associated with the second domain, by accessing, with the added program installed in the web browser, the client-side browser-accessible storage after the web browser has navigated to the second web page"<br><br>'335 patent, claims 1 and 18<br><br>'769 patent, claims 1 and 30 | **Intrinsic Evidence**<br><br>The entirety of the '335 and '769 patent specifications, their claims, and their file histories support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '335 and '769 patents and their prosecution histories in their entirety, including, but not limited to the specific portions identified herein:<br><br>'335 patent: Abstract; 7:14–8:9, 15:27–40, 16:55–17:11, 18:31–60, 19:11–39, 22:10–44, 24:23–46, 25:3–41, 30:41–20, 33:24–67; Figs. 2, 3, 4A–4F, 5, 6A–6B;<br><br>File History of U.S. Patent No. 9,639,853, 2015-06-12 Response to Office Action, at 13–14, and 2016-09-14 Appeal Brief, at 9.<br><br>'769 patent: Abstract; 7:20–8:32, 15:31–44, 16:59–17:16, 18:36–65, 19:16–44, 22:14–48, 24:27–50, 25:7–45; Figs. 2, 3, 4A–4F, 5, 6A–6B;<br><br>File History of U.S. Patent No. 9,639,853, 2015-06-12 Response to Office Action, at 13–14, and 2016-09-14 Appeal Brief, at 9.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | **Intrinsic Evidence**<br><br>The entirety of the '853, '335, and '769 specifications, their claims, and their file histories support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '853, '335, and '769 patents, their cited references, and their prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>'853 Patent: Abstract; 1:55-3:13; 7:41-8:7; 8:8-30; 9:40-64; 13:25-31; 13:25-31; 4:60-5:21; 6:5-17; 6:18-43; 7:12-40; 7:41-8:7; 8:8-30; 8:31-46; 9:6-39; 16:12-36; 17:9-20; 17:37-59; 17:60-18:10; 19:36-:63; 20:6-37; 20:38-57; 21:23-44; 21:45-22:5; 22:6-41; 22:42-62; 22:63-23:3; 23:13-42; 23:43-67; 24:1-20; 25:17-39; 25:40-53; 25:54-26:6; 26:7-25; 30:16-39<br><br>Appl. No. 13/837,790: 6/12/2015 Resp. at 13-14; 9/14/2016 App. Br. at 6-10, 17-22<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "automatically" | **Proposed Construction** | **Proposed Construction** |

| Claim Term | RetailMeNot's Proposed Construction and Intrinsic Evidentiary Support | Honey's Proposed Construction and Intrinsic Evidentiary Support |
|---|---|---|
| '625 patent, claims 1 and 11 | Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br><br>The entirety of the '625 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '625 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 1:61–67; 3:5–7; 3:24–48; 5:26–31; 5:34–47; 6:21–27; 6:41–46; 9:44–49; 10:66–11:7; 11:46–49; 12:20–23; 12:53–59; 14:24–27; 18:7–16; 18:63–65; 19:9–18.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | "without human intervention"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '625 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '625 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>Abstract; 1:61-67; 3:3-32; 3:49-65; 3:66-4:18; 5:26-59; 6:16-35; 6:36-45; 9:14-23; 9:41-49; 10:54-11:7; 11:24-36; 11:41-60; 12:18-32; 12:60-13:3; 13:8-18; 13:34-39; 14:4-34; 17:54-20:28; Fig. 2-9<br><br>App. No. 14/074,707: 4/28/2015 Resp. at 7-9, 11-12; 3/1/2016 Resp. at 6-7; 10/28/2016 Resp. at 7-8<br><br>App. No. 15/461,101: 8/1/2017 Resp. at 10-11<br><br>App. No. 15/824,237: 5/17/2018 Resp. at 14-15; 7/13/2018 Resp. at 14-15; 8/23/2018 Decl.<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "the server"<br><br>'625 patent, claims 5, 7, and 16 | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence**<br><br>The entirety of the '625 patent specification, its | **Proposed Construction**<br><br>"a server that transmitted said one or more digital codes over the public network"<br><br>**Intrinsic Evidence** |

13

| Claim Term | RetailMeNot's Proposed Construction and Intrinsic Evidentiary Support | Honey's Proposed Construction and Intrinsic Evidentiary Support |
|---|---|---|
| | claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '625 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>17:54–18:29; 18:43–45; 18:49–56; 18:63–19:30; 20:16–23.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting those citations. | The entirety of the '625 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '625 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>3:49-65; 6:7-15; 6:46-62; 14:4-34; 17:54-20:28; Fig. 1-9<br><br>App. No. 15/824,237: 5/17/2018 Resp. at 11-12; 7/13/2018 Resp. at 12<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |
| "the list [of digital codes]"<br><br>'625 patent, claims 8, 11, 15, 17, and 19 | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence**<br><br>The entirety of the '625 patent specification, its claims, and its file history support RetailMeNot's proposed construction of this term. Therefore, RetailMeNot intends to rely on the '625 patent and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>18:52–56; 18:63–19:30; 20:13–28.<br><br>All evidence cited by Honey in support of its proffered claim construction, and evidence rebutting | **Proposed Construction**<br><br>"said one or more digital codes received over the public network"<br><br>**Intrinsic Evidence**<br><br>The entirety of the '625 patent specification, its claims, and its file history support Honey's proposed construction of this term. Therefore, Honey intends to rely on the '625 patent, its cited references, and its prosecution history in their entirety, including, but not limited to the specific portions identified herein:<br><br>2:1-14; 3:54-58; 6:46-62; 8:33-50; 14:4-34; 17:54-20:28; Fig. 1-9<br><br>File History, App. No. 15/824,237: 5/17/2018 Resp. |

14

| Claim Term | RetailMeNot's Proposed Construction and Intrinsic Evidentiary Support | Honey's Proposed Construction and Intrinsic Evidentiary Support |
|---|---|---|
| | those citations. | at 11-12; 7/13/2018 Resp. at 12<br><br>All evidence cited by RetailMeNot in support of its proffered claim construction, and evidence rebutting those citations. |