**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RETAILMENOT, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 18-937-CFC-MPT |
| | : | |
| HONEY SCIENCE CORP., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

On June 25, 2018, RetailMeNot, Inc. ("RetailMeNot"), filed this patent action alleging Honey Science Corp. ("Honey") infringes four of its patents.[1] On December 20, 2018, Honey filed its Answer to Complaint and First Amended Counterclaims alleging, *inter alia*, infringement by RetailMeNot of one of its patents.[2] On June 3, 2019, RetailMeNot filed a Motion for Leave to File an Amended Complaint pursuant to FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2) and 16(b)(4) and District of Delaware Local Rule 15.1 (the "Motion").[3] Honey filed its opposition to the Motion on June 17, 2019.[4] The parties' submissions are sufficient for the court to make its determination; a reply brief from RetailMeNot is not needed. For the reasons discussed below, the court recommends the Motion be denied.

**I.     INTRODUCTION**

RetailMeNot alleges Honey infringes U.S. Patent Nos. 9,626,688 ("the '373

---

[1] D.I. 1.
[2] D.I. 28.
[3] D.I. 75.
[4] D.I. 83.

patent"); 9,639,853 ("the '853 patent"); 9,953,335 ("the '335 patent"); and 9,965,769 ("the '769 patent") (collectively, "the Asserted RetailMeNot Patents").[5] Honey's counterclaim alleges RetailMeNot infringes U.S. Patent No. 10,140,625 ("the '625 patent" or "the Honey Patent") (collectively, with the Asserted RetailMeNot Patents, "the patents-in-suit").[6]

The Motion seeks to amend RetailMeNot's complaint to assert new claims for infringement of newly-issued U.S. Patent Nos. 10,290,015 ("the '015 Patent"), 10,296,931 ("the '931 Patent"), and 10,304,074 ("the '074 Patent") (collectively, "the New RetailMeNot Patents").[7] Honey opposes the Motion.[8] The scheduling order in this case set March 15, 2019 as the deadline to amend pleadings;[9] fact discovery cut off on January 17, 2020,[10] and expert discovery to be completed by May 29, 2020.[11] Case dispositive motions are to be filed by June 26, 2020;[12] the pretrial conference is scheduled for October 9, 2020;[13] and the trial is set to begin on October 26, 2020.[14]

## II. LEGAL STANDARDS

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

---

[5] D.I. 1.
[6] D.I. 28.
[7] D.I. 75 at 1. The New RetailMeNot Patents issued between May 14 and 28, 2019. *Id.*
[8] D.I. 83.
[9] D.I. 29 ¶ 2.
[10] *Id.* ¶ 3(b).
[11] *Id.* ¶ 3(c).
[12] *Id.* ¶ 11.
[13] *Id.* ¶ 16.
[14] *Id.* ¶ 19.

2

should freely give leave when justice so requires."[15] The United States Supreme Court has stated that although:

> the grant or denial of an opportunity to amend is within the discretion of the District Court . . . , [i]n the absence of any apparent or declared reason–such as [1] undue delay, [2] bad faith or dilatory motive on the part of the movant, . . . [3] undue prejudice to the opposing party by virtue of allowance of the amendment, [4] futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given."[16]

"If a party moves for leave to amend the pleadings after a deadline imposed by a Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is also implicated."[17] Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."[18] "Good cause" exists if the Schedule "cannot reasonably be met despite the diligence of the party seeking the extension."[19]

## III. DISCUSSION

RetailMeNot argues the Motion should be granted because all requirements of FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2) and 16(b)(4) are satisfied: (i) RetailMeNot has been diligent in pursuing this motion; (ii) amendment will not prejudice Honey; (iii) amendment is brought for a proper purpose; and (iv) amendment would not be futile.[20] Honey argues the Motion should be denied.[21] Honey maintains it would be prejudiced by allowance of the proposed amendment because of disruption and delay of the

---

[15] FED. R. CIV. P. 15(a)(2).
[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[17] *ICU Med., Inc. v. Rymed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009).
[18] FED. R. CIV. P. 16(b)(4).
[19] FED. R. CIV. P. 16(b)(4) Advisory Committee's Notes (1983 Amendments).
[20] D.I. 75 at 3.
[21] D.I. 83.

schedule,[22] jury confusion resulting from an eight-patent case, and delay in resolving the current patent disputes.[23] It also argues the proposed amendment to add the '074 patent is futile.[24] Because Honey does not dispute RetailMeNot's diligence or purpose in bringing the Motion,[25] the court addresses the parties' arguments concerning prejudice to Honey if amendment is allowed. For the reasons discussed below, the court determines RetailMeNot's proposed amendment would result in undue prejudice to Honey and, therefore, Honey's futility argument is not addressed.

RetailMeNot argues its proposed amendment will not prejudice Honey.[26] It notes the New RetailMeNot Patents are each continuations of, and thus share subject matter with, the Asserted RetailMeNot Patents; the same accused products are at issue; and its new allegations concerning those point to the same general features and functionalities previously identified in its Initial Infringement Contentions.[27] Accordingly, RetailMeNot maintains its proposed amendment will raise similar factual and legal issues as the existing claims of infringement.[28] RetailMeNot notes expert discovery has not begun, and suggests none of the parties' discovery efforts to date will be rendered moot by the addition of the New RetailMeNot Patents.[29] RetailMeNot contends the

---

[22] *Id.* at 8-11.
[23] *Id.* at 11-12.
[24] *Id.* at 15-16.
[25] RetailMeNot submits its diligence is shown by filing the Motion within three weeks of the New RetailMeNot Patents' issuance, and less a week after the last patent issued. D.I. 75 at 3, 4. RetailMeNot also asserts, without contradiction from Honey, that it seeks to amend the complaint for the legitimate purpose of redressing Honey's alleged infringement of the New RetailMeNot Patents. *Id.* at 3.
[26] D.I. 75 at 5.
[27] *Id.*
[28] *Id.*
[29] *Id.*

4

parties and the Court will benefit from substantial efficiencies in litigating both the New RetailMeNot Patents and the Asserted RetailMeNot Patents in a single action.[30]

On May 9, 2019, in connection with its proposed amendment, RetailMeNot proposed to Honey a "modest extension of claim-construction deadlines in order to streamline the claim-construction process to include consideration of the [New RetailMeNot Patents]."[31] Honey declined RetailMeNot's proposal because "the addition of three new patents to this action would not be workable at this stage of the case."[32] The court agrees with Honey.

RetailMeNot's proposed "modest extension" affects only claim-construction deadlines of the current scheduling order. That extension, however, would create a truncated time-period between the court's ultimate determination on claim construction and the remainder of the deadlines set through trial. RetailMeNot previously proposed a longer time-period for the claim construction process than it does now. The court rejected that proposal as unworkable under the case schedule, and rejects its current proposal for the same reason.

During the November 15, 2018 Scheduling Conference, the court advised the parties that the schedule must "build in certain time[]" to allow the court to issue a final *Markman* order addressing any objections to the claim construction report and recommendation.[33] On November 21, 2018 the parties submitted a proposed scheduling order in which the parties agreed on the currently-scheduled August 27,

---

[30] *Id.*
[31] *Id.* at 6 (citing *id.*, ex. 3).
[32] *Id.*, ex. 4.
[33] D.I. 83 at 1 (quoting 11/15/2018 Tr. at 26:8-27:3); D.I. 19.

5

2019 date for the *Markman* hearing, but disagreed on dates following that hearing.[34] For example, the court rejected RetailMeNot's proposed fact discovery cut off and dispositive motion deadline of three and less than eight months, respectively, after the *Markman* hearing.[35] Honey proposed corresponding deadlines two months longer than RetailMeNot.[36] The court determined Honey's proposals provided the more reasonable time-period and issued an Order adopting those dates on December 12, 2018.[37]

RetailMeNot's current proposal would move the *Markman* hearing back two months to October 29, 2019, along with a corresponding delay in the parties' claim construction briefing, without any corresponding changes to subsequent deadlines. What the court deemed an unworkable proposal at the end of last year with five patents at issue, rather than eight if the Motion is granted, the court finds more so with the proposed amendment.

The parties have already submitted a Joint Claim Construction Chart,[38] which would not have been due for over a month from the date of this report and recommendation under RetailMeNot's May 9, 2019 proposal to Honey.[39] Technology tutorials, and the parties' responses thereto, have been submitted to the court.[40] The parties have exchanged opening claim construction briefs on the patents-in-suit.[41] Granting the Motion would necessarily result in proposals, disputes, and required court

---

[34] D.I. 20.
[35] *Id.* ¶¶ 3(b), 11(a).
[36] *Id.*
[37] D.I. 22.
[38] D.I. 67.
[39] D.I. 75, ex. 3.
[40] D.I. 78, 79, 86, 87.
[41] D.I. 80, 81.

6

resolution of additional claim construction briefing, would lead to inevitable additional subsidiary disputes and/or motion practice rippling through the remainder of the discovery and dispositive motion process. The court determines the proposed amendment would thus create undue prejudice to Honey in seeking resolution to the issues currently before the court.

Therefore, the court recommends the district court DENY RetailMeNot's Motion.

## IV. CONCLUSION

For the reasons discussed, the court recommends that the district court DENY RetailMeNot's motion to amend (D.I. 75).

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1, any objections to the Memorandum Order shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be filed within fourteen (14) days thereafter and is limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

June 20, 2019                                                      /s/ Mary Pat Thynge
                                                                         Chief U.S. Magistrate Judge