IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RETAILMENOT, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-937-CFC-MPT |
| HONEY SCIENCE CORP., | : | |
| Defendant. | : | |

# **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 93) to the Magistrate Judge's Report and Recommendation issued on June 20, 2019 (D.I. 88). The Magistrate Judge recommended in her Report and Recommendation that I deny Plaintiff's Motion for Leave to File An Amended Complaint (D.I. 75). I have reviewed the Report and Recommendation, the objections, and Defendant's response (D.I. 101).

1. Three months after the deadline to file amended pleadings, Plaintiff filed a Motion for Leave to File an Amended Complaint. D.I. 75.

2. The Magistrate Judge cogently explained in her Report and Recommendation that allowing Plaintiff to file its proposed amended complaint would "result in proposals, disputes, and required court resolution of additional

claim construction briefing, would lead to inevitable additional subsidiary disputes and/or motion practice ripping through the remainder of the discovery and dispositive motion process" and would "thus create undue prejudice to [Defendant] in seeking resolution to the issues currently before the court." D.I. 88 at 6–7. For that reason, the Magistrate Judge recommended that I deny Plaintiff's motion. *Id.* at 7.

3.  The Magistrate Judge had the authority to make the ruling she did under 28 U.S.C. § 636(b)(1)(A). Because her ruling is non-dispositive, it "should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Id.* (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992) (citations omitted)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

4.  Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave should be "freely give[n] . . . when justice so requires." *Id.* But

2

"substantial or undue prejudice to the non-moving party is sufficient ground for denial of leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

5. In this case, given the scheduling order that is in place, the claim construction briefing that had occurred by the time the Magistrate Judge issued her Report and Recommendation, and the number of patents and issues that the proposed amended complaint would inject into the case, the Magistrate Judge's conclusion that the filing of the amended complaint would significantly disrupt and delay the schedule and cause Defendant to suffer undue prejudice was neither clearly erroneous nor contrary to the law.

WHEREFORE, on this Fifth day of December 2019, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 93) are OVERRULED;

2. The Report and Recommendation (D.I. 88) is ADOPTED; and

3. Plaintiff's Motion for Leave to File An Amended Complaint (D.I. 75) is DENIED.

*[signature]*
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE