IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RETAILMENOT, INC.,

    Plaintiff,

v.           C. A. No. 18-937-CFC-MPT

HONEY SCIENCE LLC,[1]

    Defendant.

## REPORT AND RECOMMENDATION

Presently before the court is RetailMeNot, Inc.'s ("RetailMeNot") Motion to Stay Pending PTAB Review of U.S. Patent No. 10,140,625 ("the '625 patent").[2] RetailMeNot requests the court stay Honey Science LLC's ("Honey") counterclaim for infringement of the '625 patent pending resolution of RetailMeNot's August 2019 petitions to the Patent Trial and Appeals Board ("PTAB") challenging the validity of all claims of the '625 patent.[3] For the reasons discussed below, the court recommends the Motion to Stay be granted.

### I. BACKGROUND

On June 25, 2018, RetailMeNot filed its initial complaint in this action asserting infringement of four patents.[4] On September 17, 2018, Honey filed its Answer to the

---

[1] This suit was initiated against defendant Honey Science Corporation on June 25, 2018. D.I. 1. On January 9, 2020, defendant filed a Notice of Name Change advising that, effective January 3, 2020, Honey Science Corporation changed its name to Honey Science LLC and requesting the court's docket and future references refer to Honey Science LLC, in place of Honey Science Corporation. D.I. 204. On January 17, 2020, the court approved the parties' stipulation to that effect. D.I. 206; D.I. 210.
[2] D.I. 148 ("Motion to Stay").
[3] *Id.*; D.I. 149 at 1.
[4] D.I. 1.

FILED

JAN 23 2020

Complaint and Counterclaims for non-infringement and invalidity of the RetailMeNot patents.[5] On November 27, 2018, the '625 patent issued and, on December 20, 2018, Honey amended its counterclaims to accuse RetailMeNot of infringing that patent.[6]

On April 5, 2019, RetailMeNot served on Honey its invalidity contentions related to the '625 patent.[7] These invalidity contentions included as Exhibit I, a 113-page claim chart allegedly mapping U.S. Pub. No. 2017/0184046 ("Mashadi") on the '625 patent.[8]

On August 23, 2019, approximately four-and-a-half months after serving its invalidity contentions, RetailMeNot filed a petition for post grant review ("PGR") challenging all claims of the '625 patent as obvious in view of Mashadi ("§ 103 PGR Petition").[9] The Mashadi reference was not considered by the examiner during prosecution of the '625 patent.[10] On the same day, RetailMeNot filed a second PGR petition alleging invalidity on two additional grounds: (1) that the subject-matter of the '625 patent claims are ineligible for patentability under 35 U.S.C. § 101; and (2) that the claims of the '625 patent are indefinite under 35 U.S.C. § 112 ("§ 101 PGR Petition").[11] On August 29, 2019, RetailMeNot filed an inter partes review ("IPR") petition ("IPR Petition") on the same obviousness grounds raised in its § 103 PGR Petition (i.e., based on the Mashadi reference).[12] Honey's preliminary responses were due December 12, 2019, the PTAB is expected to issue institution decisions by March 12,

---

[5] D.I. 8.
[6] D.I. 28.
[7] D.I. 149-2, ex. 5.
[8] *Id.*, ex. 5, ex. I.
[9] *Id.*, ex. 3 at 1.
[10] *Id.*, ex. 3, § 103 PGR Petition at 1.
[11] *Id.*, ex. 4, § 101 PGR Petition at 12.
[12] *Id.*, ex. 1, IPR Petition at 4.

2

2020 and, if the PTAB initiates a review, its final written decision would be due in March 2021.[13]

On May 3, 2019, during the pendency of the currently litigation, and after RetailMeNot served its '625 patent invalidity contentions, Honey filed U.S. Patent Application No. 16/403,036 ("the '036 application"), which is a continuation of the '625 patent.[14] The '036 application is pending before the same examiner that previously allowed the claims of the '625 patent.[15] The claims of the '036 application substantially overlap with the claims of the '625 patent.[16]

On September 11, 2019, Honey filed an Information Disclosure Statement ("IDS") for the pending '036 application, notifying the examiner of RetailMeNot's IPR Petition against the '625 patent.[17] On September 23, 2019, the examiner issued a final rejection of all claims in the '036 application as anticipated or rendered obvious by Mashadi.[18] In that final rejection, the examiner incorporated much of the analysis RetailMeNot set forth in its IPR Petition.[19] On November 25, 2019, Honey submitted its response to the office action.[20] At the time of briefing, Honey advises it is still in

---

[13] D.I. 149 at 5; D.I. 164 at 5.

[14] D.I. 149-2, ex. 6.

[15] D.I. 149 at 5 (citing D.I. 149-2, ex. 6, '036 App. FH at 17; D.I. 119 (RetailMeNot's Notice of Supplemental Authority)).

[16] See id. at 6 (illustrating comparison of claim 1 of the '625 patent (original) to pending claim 1 of the '036 application (in redline)); see also D.I. 149-1, ex. A (redline comparison of all '625 patent claims to '036 application claims; blue underlined text indicates additions, and red strike-through text indicates deletions).

[17] D.I. 149 at 7 (citing D.I. 149-2, ex. 6, '036 App. FH at 46).

[18] Id. (citing D.I. 149-2, ex. 6, '036 App. FH at 52–63).

[19] See, e.g., id. at 7-8 (table comparing the language in RetailMeNot's IPR Petition (D.I. 149-2, ex. 1 at 16-17) directed at claim 1 of the '036 application, with the examiner's final rejection (D.I. 149-2, ex. 6, '036 App. FH at 53).

[20] D.I. 164-1, ex. 1.

3

prosecution pending review of its response.[21]

On December 20, 2018, the court issued its scheduling order, pursuant to which: fact discovery was to close January 17, 2020; opening expert reports are due March 6, 2020; the deadline for expert discovery is May 29, 2020; dispositive motions are due June 26, 2020; and trial is set for October 26, 2020.[22]

On November 27, 2019, after RetailMeNot filed the Motion to Stay, and prior to the parties' submission of answering and reply briefs, the court issued its claim construction Report and Recommendation finding the "server" limitation of Honey's '625 patent invalid for indefiniteness.[23]

Prior to filing the Motion to Stay, the parties had served written discovery and produced hundreds of thousands of pages of documents.[24] At the time the Motion to Stay was filed on November 15, 2019, no depositions had occurred, but eighteen "NOTICE[S] to Take Deposition[s]" had been filed with those depositions scheduled to

---

[21] D.I. 164 at 5.

[22] D.I. 29 (Scheduling Order) at ¶¶ 3(b), 3(c), 11(a), 19. On January 17, 2020, however, the parties filed a Stipulation and Proposed Order to Extend Time ("Stipulation to Extend Time") seeking leave to take twenty-four depositions, that the parties had noticed before the end of fact discovery, outside of the fact discovery period. D.I. 216. The majority, seventeen, of the identified depositions had the deposition date listed as "TBD," with the latest scheduled deposition date specifically identified being February 13, 2020. *Id.* at 3. The court granted the stipulation on January 21, 2020. *See* 18-937-CFC-MPT, docket entry dated 01/21/2020 ("SO ORDERED re 216 STIPULATION TO EXTEND TIME for fact discovery to various dates").

[23] D.I. 161 ("Claim Construction R&R"). The parties filed objections to the Claim Construction R&R on December 11, 2019. D.I. 170 (Honey's Objections); D.I. 171 (RetailMeNot's Objection), and their responses were filed on January 26, 2019. D.I. 192 (Honey's Response); D.I. 193 (RetailMeNot's Response).

[24] D.I. 149 at 3; D.I. 164 at 2.

4

occur from December 3 through December 20, 2019.[25] While briefing was ongoing, four additional deposition notices were filed, with an additional five filed post-briefing, the last deposition of which was scheduled for January 17, 2020, the final day of fact discovery.[26] On that date, however, the parties filed their Stipulation to Extend Time.[27]

A follow-on case is also pending. On July 18, 2019, RetailMeNot filed a second suit, claiming infringement of three continuation patents by the same Honey products accused in this action.[28] On September 10, 2019 Honey filed its Answer to the Complaint and Counterclaims in the second case.[29] A case management conference has not yet occurred in that case.

## II.  LEGAL STANDARDS

It is committed to a district court's discretion whether to stay proceedings pending review by the PTAB of the validity of the patent(s) at issue in the lawsuit.[30] "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'"[31] Typically, motions to stay are granted *after* the PTAB institutes proceedings, however,

---

[25] D.I. 124-129; D.I. 131-143.

[26] D.I. 150; D.I. 152; D.I. 158-59; D.I. 176-77; D.I. 180-81; D.I. 208; D.I. 29 at ¶ 3(b).

[27] D.I. 216.

[28] *RetailMeNot, Inc. v. Honey Science LLC*, C.A. No. 19-1345-CFC-MPT (D. Del. July 18, 2019), D.I. 1 ("Second Case").

[29] C.A. No. 19-1345-CFC-MPT, D.I. 8.

[30] *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-cv-452-WCB, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).

[31] *Id.* (quoting *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing cases)).

5

as a general matter the arguments for a stay pending institution and/or completion of an IPR have been *strengthened* by recent changes in the law: namely, institution must be on all or none of the claims on which IPR is sought and claim construction undertaken by the [PTAB] is now conducted according to the same legal standards this Court must apply.[32]

When considering motions to stay, courts "must weigh competing interests and maintain an even balance."[33] To strike the balance when a patent challenger moves to stay a case pending PTAB review, courts typically consider three factors: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[34]

## III. DISCUSSION

The parties each assert that all three factors support their respective positions.[35] For the reasons discussed below, the court determines that those factors weigh in favor of granting RetailMeNot's Motion to Stay.

### A. Simplification of Issues for Trial

The first factor the court considers is "whether a stay will simplify the issues for trial[.]"[36]

> The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial. As this Court explained in

---

[32] *Arch Chems., Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS, D.I. 48 (D. Del. Nov. 5, 2019) (Oral Order granting stay pending IPR institution) (emphasis added) (citing *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018) and 37 C.F.R. § 42.100(b)).

[33] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

[34] *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019).

[35] D.I. 149 at 1-2; D.I. 164 at 3-5.

[36] *Ethicon LLC*, 2019 WL 1276029, at *1.

6

*NFC Technology,*

> Congress's purpose in creating an inter partes review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed. Giving the agency the authority to consider the validity of patents in the inter partes review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.[37]

RetailMeNot asserts granting the Motion to Stay has the potential for substantial simplification of the current action.[38] In support, it contends the PTAB is likely to institute one or more of RetailMeNot's petitions; PTAB review of Honey's '625 patent will simplify issues in this case; and the case will be simplified even if the PTAB ultimately finds claims of the '625 patent valid because estoppel would apply in this case for "any ground that [RetailMeNot] raised or reasonably could have raised during that inter partes review."[39] Honey argues a partial stay will complicate, not simplify, the

---

[37] *IOENGINE*, 2019 WL 3943058, at *8 (quoting *NFC Tech., LLC*, 2015 WL 1069111, at *4 and *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation [one function of reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.") (alteration by *IOENGINE*)); *cf. Uniloc USA Inc. v. LG Elecs. U.S.A., Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161, at *4 (N.D. Cal. Apr. 29, 2019) (The court stated, "as a general matter, the Court is not inclined to give substantial weight to this factor until the PTO has actually decided to institute review," but granted a stay because, *inter alia*, "the requested stay presents the maximum potential for simplification of issues, as all the asserted claims are challenged in the IPR petitions. This high upside mitigates to some extent the risk that the PTO will deny review."). Although *Uniloc USA* was in an earlier procedural posture than this case, here, the court similarly finds the high upside of the maximum potential for simplification of issues mitigates against the low likelihood that the PTAB will deny review.

[38] D.I. 149 at 8.

[39] *Id.* at 8-9 (quoting 35 U.S.C. § 315(e)(2) and citing § 325(e)(2) (same estoppel for PGR)).

7

case.[40]

The court agrees with RetailMeNot that the PTAB will likely institute review of one or more of its petitions. In general, the PTAB may institute if (for an IPR) "there is a reasonable likelihood," or (for a PGR) it is "more likely than not," that RetailMeNot will prevail with respect to at least one claim of the '625 patent.[41] According to recent United States Patent and Trademark Office statistics, the PTAB institutes approximately 63% of petitions.[42] The probability of institution is greater here in view of the examiner's rejection of Honey's co-pending continuation application that incorporated RetailMeNot's invalidity analysis of Mashadi almost verbatim, suggesting RetailMeNot's petitions can meet both standards.[43] Additionally, this court applied the same claim construction standard as the PTAB's review would when the court found the "server" limitation of Honey's '625 patent invalid for indefiniteness.[44] In the court's view, under

---

[40] D.I. 164 at 7.

[41] See 35 U.S.C. §§ 314(a), 324(a).

[42] See D.I. 149-2, ex. 8, Sept. 2019 PTAB Statistics at 6.

[43] RetailMeNot argues persuasively that the examiner's adoption of the invalidity analysis in its IPR Petition demonstrates not only that Mashadi invalidates the '036 application claims, but also that the minor differences between the claims of the '625 patent and those of the '036 application (e.g., the '625 patent claims recite a "third party website," whereas the '036 application recites a "webpage") are inconsequential in view of Mashadi. D.I. 149 at 8.

[44] D.I. 161. Honey discounts the examiner's rejection of the '036 application claims by noting the PTAB judges are different from the examiner assigned to that application, and because the examiner uses a different standard of review during the prosecution of a pending application (giving the claims their broadest reasonable interpretation consistent with the specification), whereas the Board construes the claims "using the same claim construction standard that would be used" in district court. D.I. 164 at 10 and 10 n.7 (citing Manual of Patent Examination and Procedure § 2111 and quoting 37 C.F.R. § 42.100.). The court has found the "server" term indefinite, and the PTAB would use the same standard in its review of the '625 patent. Although the PTAB is not required to rely on an office action for a different patent in their own merits determination (*id.* at 10), that office action nevertheless is evidence supporting

8

either standard the PTAB applies to determine institution, the unique facts of this case make institution more probable.

The court is not persuaded otherwise by Honey's argument that institution is unlikely because the PTAB "has emphasized that it would 'be an inefficient use of the Board resources' to institute review of a patent where the district court trial would occur before the Board could institute a final written decision."[45]

The PTAB recently rejected an argument citing *NHK Spring* that it should deny IPR institution where its final written decision would issue after the same validity issues have been resolved by a district court, explaining there is "no *per se* rule against instituting an *inter parties* review when any Final Decision may issue after a district court has addressed the patentability of the same claims."[46] The Board continued, "[i]nstituting under such circumstances gives the district court the opportunity, at its discretion, to conserve judicial resources by staying the litigation until the review is complete, thus satisfying the AIA's objective of providing 'an effective and efficient alternative to district court litigation.'"[47] Another recent decision rejecting an argument for denial of IPR institution that cited *NHK Spring* noted the Board employs a "balanced assessment of all relevant circumstances in the case, *including the merits*" and "determine[d] that Petitioner . . . demonstrated a reasonable likelihood of prevailing on

---

RetailMeNot's likelihood of success if institution is granted.

[45] D.I. 164 at 10 (quoting *NHK Spring Co. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper No. 8 (PTAB Sept. 12, 2018)).

[46] *Intuitive Surgical, Inc. v. Ethicon LLC*, No. IPR2018-01703, 2019 WL 764067, at *5 (PTAB Feb. 19, 2019).

[47] *Id.*

9

the merits with respect to its challenge to claims."[48] Here, the court has already concluded the "server" limitation of the '625 patent is invalid and, in view of the '036 application proceedings and its claim similarity to the '625 patent claims, the PTAB is likely to determine RetailMeNot has demonstrated "a reasonable likelihood," or it is "more likely than not," that it will prevail on the merits with respect to its challenge to the claims of the '625 patent.

Honey's argument is also largely premised on its expectation that the court will deny the Motion to Stay; if granted, the PTAB is more likely to institute review.[49] If the PTAB institutes review of Honey's '625 patent, it could substantially simplify issues in this case. RetailMeNot's PTAB petitions challenge every claim of the '625 patent, and any instituted review must "address every claim the petitioner has challenged."[50] "The case will unquestionably become simpler" if the PTAB invalidates every claim, thereby removing Honey's patent from this case.[51] Simplification will also result if the '625 patent survives PTAB review because estoppel will limit the prior art available to RetailMeNot during the remainder of discovery and at trial with respect to "any ground

---

[48] *Puma N. Am., Inc. v. Nike, Inc.*, No. IPR2019-01043, 2019 WL 5681092, at *3 (PTAB Oct. 31, 2019) (emphasis added) (internal citation and quotation marks omitted).

[49] *See, e.g., Ingenico Inc. v. IOENGINE, LLC*, No. IPR2019-00879, 2019 WL 4727572, at *5 (PTAB Sept. 26, 2019) (stating "in view of the stay of the district court proceedings, we do not discern that significant inefficiencies would result from proceeding with this inter partes review").

[50] *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018).

[51] *British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *8 (D. Del. Sept. 27, 2019); *see also, e.g., Ethicon LLC*, 2019 WL 1276029, at *2 ("Fourteen of the 15 asserted claims are under IPR review and it is likely that some of these claims will be modified or invalidated. A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial.") (citations omitted).

that [RetailMeNot] raised or reasonably could have raised during that inter partes review."[52] Moreover, although IPRs are limited to obviousness or anticipation arguments under §§ 102 and 103, RetailMeNot's PGR raises arguments based on subject-matter eligibility under § 101, and indefiniteness under § 112, thereby increasing the overlap with the validity issues this court would address for Honey's patent. Thus, "[a]ny conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the arguments [RetailMeNot] can make regarding validity."[53]

Honey contends any simplification resulting from PTAB review is outweighed by the disruption of the case schedule.[54] Honey maintains a stay of its counterclaim risks upending the case schedule should the PTAB ultimately deny institution.[55] It also argues the parties' infringement allegations against one another implicate overlapping factual and legal issues across the five asserted patents, and that granting a stay of its counterclaim will necessarily result in an inefficient loss of discovery synergies should its patent be reintegrated in this case at a later date.[56] For instance, if the PTAB denies RetailMeNot's petitions after the exchange of expert reports in March, Honey predicts many witnesses will have to be re-deposed, discovery will have to be supplemented, and new expert reports will need to be written and served, which will result in unnecessary resources being expended and the need to set a new schedule for Honey's counterclaim in the midst of expert discovery.[57]

---

[52] 35 U.S.C. § 315(e)(2); see also U.S.C. § 325(e)(2) (same estoppel for PGR).
[53] British Telecomms., 2019 WL 4740156, at *8.
[54] D.I. 164 at 7-9.
[55] Id. at 7.
[56] Id.
[57] Id. at 8.

11

Honey's arguments rest on its assumption the PTAB will deny institution. As discussed above, it is unlikely the PTAB will deny institution. If, on the other hand, the PTAB denies institution on all three of RetailMeNot's petitions, the court agrees with RetailMeNot that the potential efficiency of no longer litigating the '625 patent outweighs the inefficiencies of re-integrating that patent in this case.[58] This case is also unique in that, if the PTAB institutes review, *and* the '625 patent survives that review, the possibility exists that Honey's patent could be integrated into the Second Case between the parties which involves the same Honey browser extension, and in which no scheduling order has issued, if that case is at a stage where such integration is appropriate.

Thus, the court concludes that the first factor weighs in favor of a stay.

### B. Reduction of Costs during the Most Burdensome Stages of the Case

The second factor the court considers is the status of the litigation, particularly "whether discovery is complete and a trial date has been set[.]"[59]

PTAB proceedings "give the PTO an opportunity to reconsider patents that have become the focus of litigation, relieving the courts of some of the burdens of deciding issues of obviousness and anticipation, and saving the courts from having to adjudicate infringement claims based on patents of questionable validity."[60] In *IOENGINE*, this court recently granted a stay and commented that "completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going

---

[58] D.I. 169 at 3.
[59] *Ethicon LLC*, 2019 WL 1276029, at *1.
[60] *British Telecomms.*, 2019 WL 4740156, at *8.

12

through the trial process, and engaging in post-trial motions practice" are "the most burdensome stages of the case."[61]

In *Ethicon LLC*, a case farther along in its schedule than here, the court also granted a stay despite the relatively advanced stage of the case. There, the court had issued its claim construction order, fact discovery was complete, and expert discovery was nearly concluded.[62] Here, the Claim Construction R&R is pending review of the parties' objections, the parties were authorized to conduct numerous depositions outside of the fact discovery period, and identification of expert testimony is six weeks away.[63] The court in *Ethicon LLC* stated that "although this case is further along than is typical for a motion to stay, it is indeed at an efficient stopping point[.]"[64] Here, not only are depositions continuing, but this case is at an efficient stopping point in that a stay will avoid further fact discovery, the entirety of expert discovery and associated expert reports, filing and responding to dispositive and other pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motion practice with regard to Honey's counterclaim, i.e. "the most burdensome stages of the case."[65]

Thus, the court determines this factor weighs in favor of a stay.

### C. Undue Prejudice or Disadvantage

---

[61] *IOENGINE*, 2019 WL 3943058, at *5 (citing *CyWee Grp. Ltd. v. Samsung Elec. Co.*, No. 2:17-cv-140, D.I. 331, at 13 (E.D. Tex. Feb. 14, 2019) and *Smartflash LLC v. Apple Inc.*, 621 Fed. App'x 995, 1005 (Fed. Cir. 2015) (holding that the district court abused its discretion when it denied a stay prior to trial, because "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come.")).
[62] *Ethicon LLC*, 2019 WL 1276029, at *2.
[63] D.I. 29 at ¶ 3(b).
[64] *Ethicon LLC*, 2019 WL 1276029, at *2.
[65] *IOENGINE*, 2019 WL 3943058, at *5

13

The third factor the court considers is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[66]

> In analyzing whether a plaintiff would suffer undue prejudice (and relatedly whether a defendant would gain an unfair tactical advantage) if a stay were granted, this Court has examined four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties.[67]

1. Timing of the Request for Review

This court has recognized that "[f]ilings [at the PTAB] made well after the initiation of litigation . . . may suggest an unfair tactical advantage or dilatory motive."[68]

RetailMeNot filed its PTAB petitions approximately nine months after Honey added its infringement counterclaim in this case, five months after Honey served its infringement contentions, and four-and-a-half months after RetailMeNot served its initial invalidity contentions.[69] RetailMeNot cites several cases it contends supports the timing of its requests for review as within the diligence period.[70] Honey argues the five months from the time RetailMeNot served its 113-page invalidity chart mapping the Mashadi reference to filing its petitions based on this reference evidences a failure of diligence.

---

[66] *Ethicon LLC*, 2019 WL 1276029, at *1.

[67] *IOENGINE*, 2019 WL 3943058, at *5 (citations omitted).

[68] *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013).

[69] D.I. 149 at 11.

[70] *See id.* at 11-12 (citing *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("a delay of seven and one-half months from the filing of the complaint is not unreasonable."); *Ethicon LLC*, 2019 WL 1276029, at *2 (eleven month delay in filing IPRs not unreasonable); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *3 (D. Del. Apr. 7, 2014) ("IPR petitions were timely filed between eight months to exactly a year after [patentee] served its complaints on the [d]efendants")).

14

It also argues the cases relied upon by RetailMeNot are distinguishable from the facts of this case where: *NFC Tech.* concerned a post-institution motion to stay; *Ethicon LLC* found an eleven-month delay not unreasonable in view of the timing of the patentee's notice of which claims it would assert; and *Bonutti Skeleton Innovations* concluded an eight-month delay was reasonable where the patentee "did not clearly state before the IPR deadline which of the hundreds of claims in its multiple patents it intended to assert against the Defendants."[71]

Because the timing of RetailMeNot's request for review arguably indicates a dilatory motive for tactical advantage, this sub-factor weighs slightly against a stay.

2. Timing of the Request for a Stay

On the unique facts of this case, the timing of RetailMeNot's request for a stay favors granting the motion. On September 23, 2019, the examiner issued a final rejection of all the claims of the '036 application, wherein he incorporated substantial portions of RetailMeNot's analysis of the Mashadi reference in its pending IPR Petition against the '065 patent's substantially similar claims. Upon receipt of this new information, and rather than waiting for the PTAB to make its initiation determination, RetailMeNot filed its motion in less than seven weeks. The '036 application rejection provided a strong basis for RetailMeNot's argument that the PTAB will institute review of its petitions, and its prompt filing permits the court to issue a stay that will limit the time and expenses related to the most burdensome stages of litigation that would have

---

[71] D.I. 164 at 15 (citing *NFC Tech. LLC*, 2015 WL 1069111, at *4; *Ethicon LLC*, 2019 WL 1276029, at *2; and quoting *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *3).

15

been consumed had RetailMeNot waited to move for a stay post-institution. This sub-factor favors a stay.

        3      Status of the Review Proceedings

If the PTAB institutes one of more of RetailMeNot's petitions in March 2020, a final written decision will issue by March 2021.[72] Dispositive motions in this case are due to be filed by June 26, 2020, and trial is scheduled to begin in October 2020.[73] Honey argues the court should consider the PTAB's institution decision before staying its counterclaim, which would allow it to proceed with its case and permit the court to manage its docket with a fully developed PTAB record.[74] As discussed, however, a stay would avoid the most burdensome stages of the case with respect to Honey's counterclaim. If a stay is not granted, and the PTAB initiates review, which is likely based on the threshold for granting review and in light of the current proceedings involving the '036 application, the potential exists for an undesired duplication of effort and inconsistent outcomes from two different forums.[75] That potential, coupled with the likelihood the PTAB will initiate review, weighs against the disruption to case schedule should the PTAB deny review. Thus, this sub-factor weighs slightly in favor of a stay.

        4      Relationship of the Parties

The Complaint alleges "Honey is a direct competitor of RetailMeNot" and

---

[72] 37 CFR §§ 42.100(c), 42.200(c).
[73] D.I. 29 at ¶¶ 11(a), 19.
[74] D.I. 164 at 13.
[75] See, e.g., IOENGINE, 2019 WL 3943058, at *10 ("[A]llowing the PTO to adjudicate the validity of the claims before it in the IPR proceeding reduces what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court.").

"RetailMeNot is one of Honey's largest competitors in terms of revenue, market share, and/or customer base."[76] "This court has been reluctant to stay proceedings in situations where parties are direct competitors."[77] "Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill."[78] The existence of direct competition, however, is not dispositive of whether to institute a stay, and there is no indication RetailMeNot and Honey compete in a two-entity market: rather, they are apparently two of several competitors: "RetailMeNot is *one of* Honey's largest competitors."[79]

RetailMeNot also argues the court should take into account that Honey did not seek expeditious resolution of its counterclaim through preliminary injunction.[80] RetailMeNot suggests the *Ethicon LLC* court's analysis of this factor is instructive.[81]

There, this court determined "prejudice from a delay in trial is not severe, and any continued infringement may be compensated with damages."[82] It then stated, "[f]urther, Ethicon's delay in filing suit, decision not to seek a preliminary injunction, and

---

[76] D.I. 1 at ¶ 37.

[77] *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *4 (D. Del. Oct. 21, 2013) (citation omitted).

[78] *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013).

[79] D.I. 1 at ¶ 37 (emphasis added).

[80] D.I. 149 at 14.

[81] *Id.*

[82] *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *3 (D. Del. Mar. 20, 2019).

17

delay in narrowing its asserted claims weigh in favor of [the movant]."[83] Honey likewise did not seek a preliminary injunction and there is no indication damages compensation would be unavailable to Honey.

Although Honey did not seek a preliminary injunction, the *Ethicon LLC* court emphasized that "[i]n giving this fact some weight, the Court does **not** intend to suggest that patentees should file motions for a preliminary injunction when such extraordinary relief is neither warranted nor necessary."[84] In *SenoRx*, this court explained:

> in some cases, the failure to seek a preliminary injunction could well be related to other factors (such as the high burden one must face to obtain a preliminary injunction and the difficulty in doing so without first having access to substantial discovery) and thus might not shed much light on the amount of prejudice the non-moving party will face from a stay.[85]

Honey has not, however, explained why moving for injunctive relief was neither necessary nor warranted.

Other facts in *Ethicon LLC* are not present here. That case did not involve cross claims of infringement; therefore, the stay only affected plaintiff's continued prosecution of its infringement claims. Here, each party is asserting infringement claims against each other and the requested stay would halt Honey's claim while permitting RetailMeNot's to continue. Also, both parties seek lost profits and permanent injunction based on their competing browser extensions.[86] A stay of only Honey's counterclaim, and a possible injunction against it if RetailMeNot prevails on that issue, has the

---

[83] *Id.* (footnote omitted).
[84] *Id.* at *3 n.3 (emphasis in original); *see also TruePosition, Inc.*, 2013 WL 5701529, at *5 ("[T]he failure to seek injunctive relief *may* weigh in favor of a stay, but is not dispositive.") (emphasis in original) (citation omitted).
[85] *SenoRx*, 2013 WL 144255, at *8.
[86] D.I. 164 at 16.

potential to impose some loss of market share and an erosion of goodwill. Also, the *Ethicon LLC* plaintiff asserted infringement of its patents four years after the alleged infringer began selling the accused products and delayed narrowing its asserted claims.[87] Honey asserted its counterclaim less than a month after the '625 patent issued,[88] and there was no narrowing of its asserted claims. Here, Honey expeditiously pursued its infringement claim.

Weighing Honey's prompt assertion of its claim when the '625 patent issued and the parties' posture as cross-plaintiffs with the potential harm resulting from a possible injunction against Honey's browser extension while RetailMeNot's claims proceed, against the parties being two of several direct competitors, Honey's decision not to seek injunctive relief, and the availability of damages compensation, the court finds this sub-factor is neutral or weighs slightly against a stay.

Together, these four sub-factors weigh slightly in favor of finding that Honey would not suffer undue prejudice, and RetailMeNot would not gain an unfair tactical advantage if a stay is granted.

Considering that, as a whole, the four factors recited in *Ethicon LLC* weigh in favor of RetailMeNot's position, the court finds that a stay of Honey's '625 patent counterclaim is warranted.

## IV. CONCLUSION

For the reasons discussed, the court recommends that the district court GRANT

---

[87] *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019).
[88] D.I. 28.

19

RetailMeNot's Motion to Stay (D.I. 148).

Pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, any objections to the Memorandum Order shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be filed within fourteen (14) days thereafter and is limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

January 23, 2020                                    /s/ Mary Pat Thynge
                                                    Chief U.S. Magistrate Judge