IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RETAILMENOT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-937-CFC-MPT |
| ) | |
| HONEY SCIENCE, LLC, ) | CONSOLIDATED |
| ) | |
| Defendant. ) | |
| RETAILMENOT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-1345-CFC-MPT |
| ) | |
| HONEY SCIENCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AND RELATED COUNTERCLAIMS ) | |

**<u>SCHEDULING ORDER</u>**

This ___ day of _____, 2020, the parties having previously submitted a proposed scheduling order for this consolidated case (D.I. 240; D.I. 244), and the Court having ordered the parties to further confer and submit an updated proposed scheduling order (6/1/2020 Hearing), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Consolidation.</u>  The above-captioned matters are hereby consolidated.  All filings shall be made in C.A. No. 18-937-CFC-MPT and shall bear the following caption:

| | |
|---|---|
| RETAILMENOT, INC.,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HONEY SCIENCE LLC,  )<br>  )<br>          Defendant.  )<br>  )<br>AND RELATED COUNTERCLAIMS  )  | C.A. No. 18-937-CFC-MPT<br><br>CONSOLIDATED WITH C.A. No. 19-1345-CFC-MPT |

2.    <u>Rule 26(a)(1) Disclosures and E-Discovery Default Standard</u>.  The parties previously made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on January 8, 2019 in C.A. No. 18-937-CFC-MPT and supplemented those disclosures on November 25, 2019, and January 10 and January 17, 2020.  Unless otherwise agreed to by the parties, the parties shall again provide additional and/or supplemental disclosures as appropriate in light of any newly added claims or counterclaims on or before **July 27, 2020 or 7 days after RetailMeNot's Answer to any Amended Counterclaims, whichever is later**.  The current Stipulated Order Regarding Discovery (D.I. 41) in the above-captioned matter shall remain in effect unless and until the parties seek to amend it.

3.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  RetailMeNot moved for leave to amend and file a Consolidated Amended Complaint on May 22, 2020 (D.I. 246).  Honey shall file its Consolidated Amended Answer and Counterclaim, which may include previously unasserted patents, on or before **June 29, 2020 or 14 days after resolution of RetailMeNot's motion for leave to amend or a subsequent motion to dismiss, whichever is later**.  RetailMeNot shall file its Answer to any Amended Counterclaim, on or before **July 21, 2020 or 10 days after Honey's Answer and Amended Counterclaims, whichever is later.**

4. Required Disclosures.

(a) On or before **[RetailMeNot's position: August 31, 2020, or 14 days after pleadings close, whichever is earlier / Honey's Position: August 31, 2020, or 14 days after pleadings close, whichever is later]**, each patent owner shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(b) On or before **28 days after Infringement Contentions**, each accused infringer shall serve its initial invalidity contentions for each asserted claim, as well as the invalidating references.

5. Discovery.

(a) The parties shall supplement their responses to any previously served discovery requests in light of any newly added claims or counterclaims. In addition to the discovery limits previously ordered (D.I. 29), and the previously stipulated discovery that remains pending in Case No. 18-937 (D.I. 216), the parties expect to propose supplemental limits on discovery for the new claims and counterclaims in the consolidated case.

(b) Discovery Cut Off. All documents shall be produced by **March 16, 2021**. All other fact discovery shall be initiated so that it will be completed on or before **May 21, 2021**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(c) Disclosure of Expert Testimony. Expert discovery shall be commenced to be completed by **October 8, 2021**. For the party who has the burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 23, 2021**. Rebuttal expert reports on the same subject matter identified by another party are due

on or before **August 20, 2021**. Supplemental reports (for e.g., secondary considerations of obviousness) are due **September 10, 2021**. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

Unless extended by agreement of the parties or by order of the Court, expert depositions are limited to a maximum of **7** hours on the topic of infringement, a maximum of **7** hours on the topic of validity, and a maximum of **7** hours on the topic of damages.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[1] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[2]

The following procedures shall apply:

(1). Not less than ninety-six (96) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and

---

[1] To meet the import of that phrase, counsel, including Delaware counsel, are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

[2] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters—Motion to Resolve Discovery Disputes."

holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

(2). Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[3]

(3). To the extent factual issues are disputed or central to the Court's analysis,[4] *non-conclusory*, sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

(4). A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

---

[3] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

[4] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent expressed approval of the Court following a discovery conference, no motions pursuant to FED. R. CIV. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are e-filed. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

(e) <u>Fact Witnesses to be Called at Trial</u>. Within thirty (30) days following the close of expert discovery, the parties shall exchange a list containing each fact witness previously disclosed during discovery, including any expert witness who is also expected to provide fact testimony, whom it intends to call at trial. Within thirty (30) days of this exchange, the parties shall exchange a list of each rebuttal fact witness whom it intends to call at trial. Parties shall have the right to depose any such fact witness not previously deposed in this case. Any deposition shall be held within thirty (30) days of the exchange of the rebuttal list and shall be limited to twenty (20) hours per side in the aggregate, unless extended by agreement or by order of the Court upon good cause shown.

6. <u>Protective Order</u>. The current protective order in the above-captioned matter shall remain in effect unless and until the parties seek to amend it.

7. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should comply with the procedures of the appropriate judge and any standing orders issued by the Court concerning the submission of paper copies.

8. <u>Tutorial Describing the Technology and Matters in Issue</u>. If the parties and the Court believe that a tutorial on the technology at issue in the new claims that are asserted would

be helpful, the parties may provide the Court with a tutorial on the technology at issue by **January 18, 2021**. To the extent the parties provide a technology tutorial, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within five (5) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

      9.      <u>Case Dispositive Motions</u>.

      (a)      <u>No early motions without leave</u>. All case-dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before **October 29, 2021**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. All opposition briefs to case dispositive motions and affidavits supporting such motions shall be served and filed on or before **November 12, 2021**. All reply briefs to case dispositive motions and affidavits supporting such motions shall be served and filed on or before **November 19, 2021**.

      (b)      <u>Motions to be Filed Separately</u>. A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

      (c)      <u>Word Limits Combined with *Daubert* Motion Word Limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each side will be limited to a combined total of 10,000 words for all opening briefs, a combined total of

10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to case dispositive motions, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each side to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each side. The text for each brief shall be 14-point and in a Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d) <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[5] A party must submit a separate concise statement of facts for each summary judgment motion. Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

(e) <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the

---

[5] The party must detail each material *fact* in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

Court to determine the limited issues presented in the motion for summary judgment (an no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact.  Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (*e.g.*, a deposition miniscript with an index stating what pages may contain key words may often be useful).  The concise statement shall particularly identify the page and portion of the page of the document referenced.  The document referred to shall have relevant portions highlighted or otherwise emphasized.  The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context.  If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript.  If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists.  When multiple pages from a single document are submitted, the pages shall be ground in a single exhibit.  Concise statements shall comply with Judge Connolly's procedures regarding pinpoint citations and hard copies.

        (f)    <u>Word Limits for Concise Statement</u>.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words.  The text for each statement shall be 14-point and in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g) <u>Affidavits and Declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (*i.e.*, not briefs).

(h) <u>Scope of Judicial Review</u>. When resolving motions for summary judgement, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

10. <u>Claim Construction</u>. The parties previously conducted claim construction proceedings with respect to U.S. Patent Nos. 9,626,688; 9,639,853; 9,953,335; 9,965,769; and 10,140,625; the Court issued a Report & Recommendation (D.I. 161); and the parties' objections are currently pending (D.I. 170, 171, 192, 193). On **October 12, 2020**,[6] the parties shall exchange a list of the claim term(s)/phrase(s) from the newly added patents that the parties believe need construction, along with the proposed claim construction of those term(s)/phrase(s). This document will not be filed with the court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **October 26, 2020**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue from the newly added patents, and should include each

---

[6] **Honey:** To the extent any of the earlier dates that adjust based on the timing of particular events result in a deadline that approaches or is later than this date (and the subsequent dates, such as those regarding claim construction), the parties shall meet and confer in good faith to adjust this date and the following dates as may be appropriate in the situation. **RMN:** For the reasons set forth in the accompanying letter, RMN does not believe Honey's proposed addition is necessary.

party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

Counsel must identify any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The party asserting infringement shall serve, but not file, its opening brief, not to exceed 20 pages on **November 9, 2020**. The party defending against infringement shall serve, but not file, its answering brief, not to exceed 30 pages on **December 4, 2020**. The party asserting infringement shall serve, but not file, its reply brief, not to exceed 20 pages, on **December 21, 2020**. The party defending against infringement shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **January 11, 2021**.

No later than **January 18, 2021**, the parties shall file a Joint Claim Construction Brief, by copying and pasting their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

### Joint Claim Construction Brief

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [Term 1]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

The above format shall be followed for each claim term in dispute.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11. <u>Hearing on Claim Construction</u>. Beginning at _____ on **January/February \_\_, 2021**, the Court will hear evidence and argument on claim construction and summary judgment.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Counsel shall deliver copies of papers or correspondence to Chambers per the Court's directives.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>.  On **February \_\_\_, 2022**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____.  The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on _____ [21 days before the Pretrial Conference].  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with Judge Connolly's procedures regarding pinpoint citations and hard copies.

14. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with Judge Connolly's procedures regarding pinpoint citations and hard copies.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.2 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on _____ [21 days before the Pretrial Conference]. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a 5-to-7-day **jury** trial beginning at 8:30 a.m. on **February 28, 2022**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. <u>ADR Process</u>. The referral to Magistrate Judge Sherry R. Fallon for mediation remains in place.

_____
Chief U.S. Magistrate Judge Mary Pat Thynge