# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jeremy A. Tigan
302 351 9106
jtigan@mnat.com

June 26, 2020

The Honorable Mary Pat Thynge             *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

     Re:    <u>*RetailMeNot, Inc. v. Honey Science LLC*, No. 18-937-CFC-MPT</u>

Dear Judge Thynge:

In view of the Court's guidance during the June 1, 2020 scheduling teleconference—including setting a trial date of February 28, 2022—Plaintiff RetailMeNot, Inc. ("RetailMeNot" or "RMN") and Defendant Honey Science LLC ("Honey") have met and conferred and now submit this joint letter regarding a proposed schedule for the consolidated case. As reflected in the attached Proposed Scheduling Order, the parties have agreed on all dates except one: the date for service of infringement contentions. RetailMeNot proposes "August 31, 2020, or 14 days after pleadings close, whichever is ***earlier***"; and Honey proposes "August 31, 2020, or 14 days after pleadings close, whichever is ***later***." The parties provide their respective positions on this sole remaining dispute below.

## RetailMeNot's Position

RMN proposes a date no later than August 31, 2020 for the service of infringement contentions concerning the additional patents that the parties have agreed to add to the consolidated case. This will allow sufficient time for the parties to serve invalidity contentions and proposed claim constructions in advance of October 12, 2020, the agreed date to "exchange a list of the claim term(s)/phrase(s) from the newly added patents that the parties believe need construction, along with the proposed claim construction of those term(s)/phrase(s)." *See* ¶ 10 of the Proposed Scheduling Order. ***This timing is consistent with the analogous dates in the First Case.*** *See* D.I. 42 (Feb. 15, 2019 RMN's Preliminary Infringement Contentions); D.I. 45 (Mar. 6, 2019 Honey's Preliminary Infringement Contentions); D.I. 48 (Mar. 18, 2019 Honey's Initial Invalidity Contentions); D.I. 57 (Apr. 5, 2019 RMN's Initial Invalidity Contentions); D.I. 59 (Apr. 19, 2019 RMN's Preliminary Identification of Claim Terms Requiring Construction); D.I. 60 (Apr. 19, 2019 Honey's Exchange of Claim Terms and Proposed Claim Constructions).

The Honorable Mary Pat Thynge
June 26, 2020
Page 2

    Honey's proposal, on the other hand, leaves open the date for infringement contentions by tying it to the closing of pleadings.  This is problematic because Honey has already indicated that if the Court grants RMN's pending Opposed Motion for Leave to File an Amended Complaint (D.I. 246), Honey will move to dismiss RMN's scraping-related claims (*id.*, Counts XI, XII, and XIII) rather than answer the amended complaint.  *See, e.g.*, D.I. 252 at 16.  ***But, notably, Honey has <u>agreed</u> to the addition of RMN's patent claims, which are the only claims impacted by the sole disputed deadline***.  In an apparent gambit to delay advancement of this case, Honey would effectively tie infringement contentions to resolution of its unrelated motion to dismiss the scraping claims.  If Honey's proposal were adopted, pleadings would not close until several weeks after Honey's motion is ultimately resolved on a yet-to-be-determined date.  And in the likely event that the pleadings close after October 12, 2020, the parties would need to exchange claim construction proposals without knowing which claims are asserted.  Such an approach—which could also jeopardize subsequent case deadlines—makes no sense, would be an inefficient use of the parties' and the Court's time, and illustrates Honey's gamesmanship since the infringement contentions have nothing to do with RMN's objected-to scraping claims.[1]

    Honey nevertheless asserts **without support** that its proposal "preserves this normal order of events."  On the contrary, Honey's proposal departs from the usual approach in this District by intentionally introducing uncertainty into the schedule.  *See, e.g.*, Judge Stark's Jun. 18, 2014 Revised Procedures for Managing Patent Cases at 5–8.  Honey would indefinitely delay advancement of the entire case—holding hostage the patent claims to which the parties have already agreed—pending resolution of a forthcoming motion on RMN's scraping claims.  And while Honey argues that its "proposal also tracks other floating dates on the schedule proposal," Honey ignores that (1) the "floating" dates are for case events not specific to the parties' patent claims, and (2) no subsequent date in the Proposed Scheduling Order is "floating."  Honey's proposal is thus inconsistent with the remaining patent-specific dates to which the parties have already agreed.  The Court should therefore reject Honey's open-ended proposal that would unnecessarily delay this two year-old case and instead adopt RMN's.

### Honey's Position

    Honey respectfully requests that the Court adopt Honey's proposed deadline of "August 31, 2020 or 14 days after pleadings close, whichever is later."

    RetailMeNot ("RMN") previously proposed a purely floating date of "14 days after

---

[1] RMN brought this significant issue to Honey's attention on a June 16, 2020 meet and confer, but Honey has maintained its position.  In so doing, Honey's counsel explained that Honey does not believe the scraping claims should be in this case and Honey therefore is not inclined to cooperate with RMN in resolving the scheduling dispute unless the scraping claims are withdrawn and re-filed in a new case.  RMN declined, including because of the substantial subject-matter overlap between RMN's patent and scraping claims.  *See, e.g.*, D.I. 254 at 7–8.  RMN nevertheless asked whether Honey would propose an alternative approach to the service of asserted claims and contentions, but Honey has not provided any proposal.

The Honorable Mary Pat Thynge
June 26, 2020
Page 3

pleadings close," but has now backtracked to the earlier of August 31, 2020 or 14 days after the pleadings close. The Court should reject RMN's proposed "whichever is earlier" formulation. The idea of having infringement contentions due before the pleadings close makes no sense, and is not consistent with the First Case. The orderly progress of litigation is to have the pleadings resolved, disclosures made, and then infringement contentions exchanged, as they were in the First Case. Honey's proposal preserves this normal order of events.

Honey's proposal also tracks other floating dates in the schedule proposal, which are set up for either a date certain or a floating date "whichever is later." This includes the dates for Honey to serve its Answer and Counterclaim (a date certain or 14 days after resolutions of pleading motions "whichever is later"), RMN's Answer to the Amended Counterclaims (a date certain or 10 days after Honey's Answer and Counterclaims "whichever is later"), and Rule 26 Initial Disclosures (a date certain or 7 days after RMN's Answer to the Amended Counterclaims "whichever is later"). None of the dates in the schedule include a "whichever is earlier" formulation, and for good reason. To the extent any of the floating dates approach the later dates in the schedule, such as for claim construction, the parties discussed and agreed during their meet and confer that in such circumstances they would need to work together reasonably and in good faith to adjust those dates as may be appropriate in the situation. This all makes sense.

RMN's position is not persuasive. RMN concedes that its proposed "whichever is earlier" deadline could require infringement contentions before the pleadings are in. In other words, RMN's date could lead to infringement contentions being due before Honey even serves its Amended Counterclaims with the patent claims Honey is asserting. This makes no sense.

RMN's sharp suggestion of "gamesmanship" is inappropriate and without foundation. RMN ignores that this is an issue entirely of RMN's own making. RMN chose to submit an amended complaint that included additional claims on "scraping," claims RMN mentioned for the first time the day before it submitted its proposed pleading. It is hardly remarkable for the schedule to allow the scope of the case to be determined after the pleadings are set, and then require the parties to make their disclosures. Indeed, it is RMN that is pushing the envelope by suggesting that its proposed scraping claims proceed independently on a separate track, in effect bifurcating them at the pleading stage. RMN's position underscores why the claims do not belong in the case at all (*see* D.I. 252). If the Court allowed them and adopted RMN's proposal, then RMN's position here requires that those claims would need to be bifurcated for all purposes. RMN's footnote also does not accurately reflect the discussion in the meet and confer. Honey reiterated the substance of its opposition to the motion for leave to amend and identified the problems inherent in RMN's proposal essentially to ignore those proposed claims during scheduling. Honey also has proposed a "solution"—linking the date to the close of pleadings as set out above.

Honey respectfully requests that the Court adopt the Honey proposal on the timing of infringement contentions which tracks expected, customary procedures.

The Honorable Mary Pat Thynge
June 26, 2020
Page 4

                                          Respectfully,

                                          */s/ Jeremy A. Tigan*

                                          Jeremy A. Tigan (#5239)

JAT/rs
cc:    Clerk of the Court (via CM/ECF)
        All Counsel of Record (via CM/ECF and electronic mail)