

Kelly E. Farnan
302-651-7705
Farnan@rlf.com                           October 13, 2020

**BY CM/ECF AND HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE  19801

>       Re:   *RetailMeNot, Inc. v. Honey Science LLC*,
>             **C.A. No. 18-937-CFC-MPT (Consolidated)**

Dear Judge Thynge:

Defendant and Counterclaim Plaintiff Honey Science LLC respectfully submits this response to the Court's September 30, 2020 Oral Order requesting explanation from the parties as to why the Proposed Amended Complaint should remain under seal. D.I. 267.  Honey agrees that the entire Proposed Amended Complaint need not remain under seal, but requests that certain portions remain under seal.  Specifically, Honey respectfully requests that only the redacted portions of ¶¶ 90, 93, 94, 97, Ex. Q, Ex. R, and Ex. S of the Proposed Amended Complaint remain under seal.

As RetailMeNot noted in its letter to the Court (D.I. 268), the public version of the Proposed Amended Complaint (D.I. 251) contained redactions of references to and exhibits purportedly showing confidential communications between RetailMeNot and Honey, as well as certain specific allegations which Honey denies. These redacted references, exhibits, and specific allegations are found in D.I. 251 Ex. 1 at ¶¶ 90, 93, 94, 97, Ex. Q, Ex. R, and Ex. S.

Honey has good cause to request these portions of the Proposed Amended Complaint remain under seal. The circumstances here are unique and the balancing test the Court should undertake weighs in favor of keeping the redacted portions confidential.  *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 671 (3d. Cir. 2019) (identifying several factors including whether the information is sought for a proper purpose and whether disclosure will cause a party embarrassment); *see also Accenture Global Servs. GMBH v.*

Page 2

*Guidewire Software Inc.*, 631 F. Supp. 2d 504, 509-10 (D. Del. 2009) (keeping amended answer and counterclaim under seal when content at issue was deemed part of a "larger public relations fight" and would likely never be exposed to scrutiny at trial).  The information that RetailMeNot now seems to advocate should be public was raised in a *proposed* amended pleading, which the Court rejected.  Indeed, the allegations relate to a cause of action that the Court decided is not appropriately in this case.  The Court's ruling on this issue was based on the substantial prejudice due to RetailMeNot's delay.  D.I. 266 at 8.  Thus, in performing the balancing test, Honey respectfully suggests that the balance weighs in favor of keeping the items under seal.

First, both RetailMeNot and Honey have requested that Exhibit Q remain under seal in light of its commercially sensitive nature, which Honey contends may cause both parties injury if released.  Exhibit Q contains an internal RetailMeNot email chain and statements about a confidential conversation between Honey's co-founder and a RetailMeNot employee that would harm both parties if made public. This exhibit also was referenced in the body of the Proposed Amended Complaint in ¶ 90. As such, Honey seeks to maintain under seal a portion of ¶ 90 that references the content of Exhibit Q.

Second, Honey has good cause to request the redacted portions of ¶¶ 93, 94, 97, Ex. R, and Ex. S remain under seal to prevent competitive harm to Honey. The Court denied RetailMeNot leave to amend its complaint to add claims based on alleged "scraping."  D.I. 266. The redacted portions of ¶¶ 93, 94, 97, Ex. Q, Ex. R, and Ex. S contain certain specific allegations and communications between the parties. Given the Court's denial of leave, and their lack of relevance to the claims in dispute, these specific allegations appear designed to solely harm Honey's public standing. *See Accenture Global*, 631 F. Supp. 2d at 509-10.  Further, these specific allegations may unnecessarily embarrass Honey and harm its competitive standing if made public.  On the other hand, the public can fully understand the basis for the Court's rulings without access to the confidential allegations that will not be part of this case.

For these reasons, Honey respectfully requests that the court keep under seal the redacted portions of ¶¶ 90, 93, 94, 97, Ex. Q, Ex. R, and Ex. S of the Proposed Amended Complaint.

Page 3

Respectfully,

*/s/ Kelly E. Farnan*

KEF/lll                                Kelly E. Farnan (#4395)

cc: Counsel of Record (via CM/ECF)